### FREDERICK B. LATHROP *vs.* JAMES S. O'BRIEN.

### July 1, 1890.

**Vendor and Purchaser—Action—Damages.—**A complaint setting forth a contract of the defendant with the plaintiff to pay a stated price for certain timber lands, conveyances of which the plaintiff agreed to procure from the owners, and showing that the plaintiff could procure such conveyances for a less price,—the title being found acceptable to the defendant, but he refusing to accept a conveyance, or to pay the stipulated price,—*held* sufficient to show a right of recovery of the difference between those two sums.

**Same—Contract for Commission—Recovery for Breach.—**Complaint also *held* sufficient to show a right of recovery of a commission stipulated in the contract to be paid, if, in cutting the timber on these lands, the product should amount to a specified quantity, according to the official measurement. The defendant's unjustifiable refusal to purchase the land and to cut the timber would not preclude a recovery of the agreed commission.

Appeal by plaintiff from an order of the district court for Washington county, *McCluer*, J., presiding, sustaining a demurrer to the complaint. The action was for $520 damages for breach of the contract stated in the opinion.

*Wadsworth & Wadsworth*, for appellant.

*C. P. Gregory*, for respondent.

DICKINSON, J. The complaint states facts constituting a cause of action. The defendant contracted with the plaintiff to give $3,250 for good title to the timber lands described in the written agreement. It appears that the contract was made with knowledge that the title was not in the plaintiff, but that he could procure a conveyance from

the owner for the price of $3,000; and this is not inconsistent with the written agreement, but, rather, is in harmony with its terms, the plaintiff agreeing "to produce deeds for same from owners." It further appearing that the plaintiff exhibited the title to the defendant; that the latter investigated it, and found it to be in one Fuller, whose conveyance the plaintiff procured and tendered; that such title was accepted by the defendant, but that he refused to accept the deed, or to pay the price agreed to be paid,—it must be considered that the plaintiff shows a right of recovery of the difference between the said price for which he could procure the title to be conveyed, and the price agreed by defendant to be paid to the plaintiff therefor.

The complaint shows, also, a right to recover the further stipulated commission of $250, as specified in the written agreement. That stipulation is as follows: "And in cutting same, [the lands to be conveyed,] if two millions are found, according to surveyor general's scale, he (O'Brien) will pay to said Lathrop $250 more as commission. This in consideration of information and services of said Lathrop." Upon its face the agreement relates to the purchase of "timber lands." It contemplates that the timber is to be cut off by the purchaser, the defendant, and that the plaintiff's commission for services in connection with the purchase shall be in part measured with regard to the fact whether the lands shall be found to produce 2,000,000 [feet] of logs, according to the surveyor general's measurement. As no time is specified within which the timber was to be cut and the plaintiff's compensation determined, it is to be implied that this was to be done within such time as might be reasonably sufficient for that purpose. It is probable that the contract for the purchase of the land was entered into for the purpose, principally, of procuring the timber growing thereon, and with the expectation of forthwith cutting it off.

It is alleged that the lands would produce more than 2,000,000 feet of lumber. The defendant could not deprive the plaintiff of the compensation agreed upon, by an unjustifiable refusal or neglect to purchase the lands, or to cut the timber and have it scaled.

Order reversed.