COLLINS, Appellant, vs. SCHMIDT, Respondent.

*October 26—November 14, 1905.*

*Land contract: Conveyance as condition of payment: Negotiable instruments.*

1. Where, by the terms of a land contract, conveyance is to be made upon demand after completed payment, the promise of payment is absolute, and the vendee is not entitled to demand that conveyance be made either before or concurrently with his payment of the note given for the last instalment of the purchase price.

[2. Whether a promissory note is rendered nonnegotiable by a statement on its face that it is "secured by land contract," not decided.]

APPEAL from a judgment of the circuit court for Fond du Lac county: CHESTER A. FOWLER, Circuit Judge. *Reversed.*

Suit upon a promissory note, $299, dated August 6, 1903, and due nine months thereafter, bearing notation on its face, "Secured by land contract." Upon cross-examination of the plaintiff it was made to appear that this note represented the last of three instalments of purchase price under land contract from one J. E. Sullivan to the defendant; that the plaintiff, upon the transfer of the note to him, was informed· of this fact, and there was delivered to him a copy of the land contract. That contract provided for the payment by the defendant of the note in suit and two preceding notes of $300 each, and provided that the party of the first part bound himself, his heirs, legal representatives, and assigns, "that in case the aforesaid sum of $899 with interest shall be fully paid, at the times and in the manner above specified, he will, on demand therefor, cause to be executed and delivered to said party of the second part, or his heirs, legal representatives, or assigns, a good and sufficient deed," etc. The defendant, upon demand for the payment of this note, tendered the money on condition that at or before payment thereof the plaintiff should make or procure conveyance to him under the land contract, together with proper abstract, also provided for in that contract. Upon this evidence the court ruled that plaintiff was required to show in the first instance full performance of the contract by the grantor as a condition precedent to recovery, and accordingly entered judgment of nonsuit, from which the plaintiff appeals.

*T. L. Doyle,* for the appellant.

For the respondent there was a brief by *Giffin & Sutherland,* and oral argument by *D. D. Sutherland.*

DODGE, J. The question principally discussed by counsel, whether the note in suit was rendered nonnegotiable by the declaration thereon of the land-contract security, is wholly im-

material; for, if negotiable, still the plaintiff was fully informed of the origin of the note and of the terms of the contract between the original parties, hence was not a holder without notice, although for value. Under a contract like this, where conveyance is only to be made upon demand after completed payment, the promise of payment is absolute and may be enforced by suit without tender of the conveyance. The duty of the vendor to convey is neither a condition precedent to payment nor an act which may be demanded concurrently therewith. *Gale v. Best,* 20 Wis. 44; *Shenners v. Pritchard,* 104 Wis. 287, 292, 80 N. W. 458. Upon the showing made by the plaintiff his right of recovery was complete and nonsuit was improper.

*By the Court.*—Judgment reversed, and cause remanded for a new trial.