### J. P. FREEMAN v. CHARLES E. PAULSON.[1]

February 5, 1909.

Nos. 15,677—(11).

**Recovery of Contract Price by Vendor.**

. A vendor of land cannot recover from his vendee by an ordinary action at law the purchase price stated in a written contract.

**Vendor May Enforce Specific Performance.**

Where parties make a mutual executory contract for the sale of real estate, and the vendor covenants on his part to convey the land, and in consideration thereof the vendee promises to pay the purchase price, and there is nothing in the contract which makes it invalid or objectionaLle in its nature, nor in the circumstances connected with it, equity regards the vendee as the beneficial owner of the premises, even though he has not paid the purchase price; and the vendor has a right to enforce payment of the purchase money by a suit in equity against the vendee's equitable estate in the land, instead of by an ordinary action at law to recover the debt; and the vendor may proceed to enforce specific performance by such suit, whereby the vendee's equitable estate under the contract is sold in pursuance of a judicial decree, which will operate as an assignment of the vendee's rights under the contract, and whereby it would not operate as a cancellation of the contract itself. Abbott v. Moldestad, 74 Minn. 293, followed and applied.

**Discrepancy Between Summons and Complaint—Demurrer.**

A demurrer to a complaint on the ground that it fails to state facts sufficient to constitute a cause of action does not reach discrepancies between the relief to which the complaint may entitle and the prayer in the summons.

Action in the district court for Freeborn county to recover $1,200, the unpaid price of land sold upon a written contract. Defendant demurred to the complaint and from an order, Kingsley, J., sustaining the demurrer, plaintiff appealed. Reversed.

*John J. Isker,* for appellant.

The complaint stating a cause of action, appellant is entitled to relief, either legal or equitable, and the complaint is not demurrable because plaintiff asked for a legal remedy instead of an equitable one. Barkey v. Johnson, 90 Minn. 33; Pomeroy, Rem. & Rem. Rights, § 71.

[1] Reported in 119 N. W. 651.

The remedy of specific performance is mutual. Hodges v. Kowing, 58 Conn. 12; Whitney v. City, 23 Conn. 624; 2 Dart, Vendors & Purchasers, 1024; Goodwine v. Kelley, 33 Ind. App. 57; 22 Am. & Eng. Enc. (2d Ed.) 947.

*H. H. Dunn,* for respondent.

Goodwine v. Kelley, 33 Ind. App. 57, squarely holds that an action at law will not lie on an executory contract in writing for the sale of real estate to recover the purchase price. Barkey v. Johnson, 90 Minn. 33, does not sustain appellant's position at all.

JAGGARD, J.

Plaintiff and appellant brought this action to recover the sum of $1,200 and interest upon a written executory contract for the sale of real estate. Defendant and respondent demurred to the complaint upon the ground that the facts stated did not constitute a cause of action. This appeal was taken from the order sustaining that demurrer.

The summons demanded a money judgment, and no other relief is prayed for. It was well pleaded that in May, 1907, plaintiff was the owner of a certain lot in the village of Glenville, and on that day entered into a written agreement whereby he agreed to convey the premises to defendant by warranty deed; that the defendant agreed to pay the sum of $1,200 for the property, $500 of which was to be paid at the time and the balance upon delivery of the deed; that defendant thereupon gave his personal check for the sum of $500, which was afterwards protested; that on October 14, 1907, plaintiff tendered a warranty deed of the premises and demanded of the defendant the sum of $1,200 as the purchase price, but payment was refused; that plaintiff always has been and now is willing to deliver the deed in question to the defendant upon the payment of the purchase price, but that defendant has at all times refused to pay the same.

1. A vendor of land is not entitled to recover the purchase price from his vendee in an ordinary action at law. He can recover only the damages he has sustained by reason of the breach of the contract obligation. 29 Am. & Eng. Enc. (2d Ed.) 719, citing Lathrop v. O'Brien, 44 Minn. 15, 46 N. W. 147, and other cases; 2 Warvelle,

Vend. (2d Ed.) § 937; 2 Sutherland, Dam. (3d Ed.) § 569; Stewart v. McLaughlin's Estate, 126 Mich. 1, 85 N. W. 266, 87 N. W. 218; Goodwine v. Kelley, 33 Ind. App. 57, 70 N. E. 832. If the complaint be regarded as an action at law merely, the demurrer was properly sustained.

2. Counsel for plaintiff, however, insists that it sets forth a good cause of action for specific performance. That the relief sought was a money judgment is, of course, immaterial. It is elementary that a demurrer will not lie to a mere prayer for relief. The question is whether the facts stated entitle plaintiff to equitable relief. It is also true that here plaintiff has not alleged either the conclusion, or the facts from which a conclusion could be drawn, that he had not an adequate remedy at law. This leads to the consideration of the real merits of the controversy.

Plaintiff's right to prevail depends upon the application to the facts his complaint set forth of the doctrine of mutuality of remedy. The vendee, essentially as a matter of course, is entitled to specific performance. The vendor should be allowed similar relief. It has been demonstrated that "the rule as to mutuality of remedy is obscure in principle and in extent artificial, and difficult to understand and to remember." 1 Harvard L. Rev. 104. In 3 Columbia L. Rev. 1, Dean Ames with characteristic penetration and cleverness has clarified the general subject. While there are authorities to the effect that the specific performance of a contract to sell land will not be enforced, in the absence of a showing for equitable interposition, the general rule, and the rule in this state, however, is that "where parties make a mutual executory contract for the sale of real estate, and the vendor covenants on his part to convey the land, and in consideration thereof the vendee promises to pay the purchase price, and there is nothing in the contract which makes it invalid or objectionable in its nature, nor in the circumstances connected with it, equity regards the vendee as the beneficial owner of the premises, even though he has not paid the purchase price; and the vendor has the right to enforce payment of the purchase money by a suit in equity against the vendee's equitable estate in the land, instead of by an ordinary action at law to recover the debt. And the vendor may proceed to enforce specific performance by such suit, whereby the vendee's equitable

estate under the contract is sold in pursuance of a judicial decree which will operate as an assignment of the vendee's rights under the contract, and whereby it would not operate as a cancellation of the contract itself." Abbott v. Moldestad, 74 Minn. 293, 77 N. W. 227, 73 Am. St. 348. And see Hodges v. Kowing, 58 Conn. 12, 18 Atl. 979, 7 L. R. A. 87; Pomeroy, Cont. § 6; Waterman, Spec. Perf. § 15. The reason is clear. The vendee is entitled to specific performance, essentially as a matter of course. The remedy should be mutual. In this view the complaint stated a case for specific performance and was not demurrable.

3. It is urged, however, that the summons to which the complaint was attached sought a money judgment. and not other relief. It is elementary that a demurrer lies only on the grounds specified by the statute. R. L. 1905, § 4128, contains nothing which would allow defendant to avail himself of any inconsistency between the summons and the complaint. Moreover, the ground of this particular demurrer is that the facts stated in the complaint do not constitute a cause of action. It follows that defendant cannot avail himself of any discrepancy or irregularity on this point by demurrer.

Reversed.

START, C. J.

I concur with some hesitation. It is evident that the complaint was drafted upon the mistaken theory that upon tendering the deed the plaintiff could recover the purchase price in the action at law. But the complaint alleges, not only a tender of the deed, but a continuing readiness to deliver it. With this allegation, the complaint, very liberally construed, states a case for equitable relief. Upon proof of the allegations of the complaint, so construing them, the court would be justified in ordering a sale of the premises, and a deficiency judgment, or that upon the delivery of the deed into court for the defendant the plaintiff have judgment for $1,200. See complaint in paper book of Abbott v. Moldestad, 74 Minn. 293, 77 N. W. 227, 73 Am. St. 348.