## JOHN W. LINDSTROM v. H. H. HELK.[1]

### December 28, 1917.

### No. 20,658.

**Specific performance — contract of sale — assumption of mortgage — offer of proof.**

1. The plaintiff contracted to sell to the defendant and the defendant agreed to purchase real property for a consideration of $10,000, and as a part of the consideration agreed to assume a mortgage of $5,200 re-

[1]Reported in 165 N. W. 873.

cited as then being on the property. There was then upon the property a mortgage of $5,500 and it was the only mortgage. Conceding that the plaintiff under a proper allegation might show his ability to reduce the mortgage to $5,200 and give good title at the time of the decree subject to a mortgage indebtedness of $5,200, and upon a proper offer of proof or tender might have specific performance, he was not entitled to relief in the absence of an affirmative showing.

**Trial — findings of the court.**

2. The record is *held* to show that the parties submitted the case for decision; and this being so it was proper to make findings on the merits.

Action in the district court for Hennepin county to recover $1,375 upon a contract. The case was tried before Fish, J., who made findings and ordered judgment in favor of defendant. From an order denying his motion for a new trial, plaintiff appealed. Affirmed.

*William T. McMurran* and *O'Malley & O'Malley,* for appellant.

*Laybourn & Cary,* for respondent.

DIBELL, C.

This action was commenced as one at law to recover sums due on an earnest money contract for the sale of real property. It was tried as an action in equity for specific performance. It resulted in findings for the defendant. The plaintiff appeals from the order denying his motion for a new trial.

1. The facts admitted by the pleadings are substantially these: On August 15, 1916, the plaintiff as vendor and the defendant as vendee entered into an earnest money contract for the sale and purchase of property in Minneapolis. The consideration was $10,000 of which $200 was paid in cash. The portion remaining was to be paid, using the language of the contract, as follows: "Thirteen hundred dollars ($1,300.00) when title is shown in seller and contract for deed furnished. Purchaser to assume and pay the mortgage of fifty-two hundred dollars now on said premises and to pay the balance of thirty-three hundred dollars in monthly payments of seventy-five dollars per month, beginning with Sept. 15, 1916, with interest at six per cent per annum." The mortgage then on the property was for $5,500 instead of $5,200.

For the purposes of this appeal we assume that if the plaintiff reduced the mortgage to $5,200 so that the defendant would not be required to pay a greater mortgage indebtedness than he had agreed to pay, specific performance might be enforced. In the reply, but not in the complaint, it was alleged that the plaintiff was ready, able and willing to pay $300 on the mortgage and thereby reduce it to $5,200, and "that upon the completion of the performance of said contract by the defendant, plaintiff stands ready, willing and able to convey title to said defendant, free and clear of all incumbrances, save and except a mortgage of five thousand two hundred ($5,200.00) dollars. There was no proof of this nor offer of proof. It was a part of the plaintiff's case. The necessity of the mortgagee assenting to a reduction was at one time suggested by the court. We do not understand that the plaintiff was at the time of the trial in position to tender title to the defendant, subject only to a mortgage encumbrance of $5,200. He did not offer to do so nor did he offer to prove that he was in position to do so then or at a definite time in the future. With the record so and with a construction of the pleadings favorable to the plaintiff, there could not have been a finding in his favor, and he was not entitled to specific performance.

2. The findings were for the defendant on the merits. The troublesome question is whether there should have been findings on the merits or only a dismissal. Bad practice and a defective record are responsible for it.

The plaintiff was called as a witness and a few formal questions were asked. The defendant objected to the introduction of testimony upon the ground that the complaint did not state a cause of action. The court, relying upon Freeman v. Paulson, 107 Minn. 64, 119 N. W. 651, 131 Am. Rep. 438, held that an action at law to recover instalments accruing on the contract would not lie. The jury was discharged with the consent of both parties. The action proceeded without repleading as one for the specific performance of the earnest money contract. The effect of the mortgage being for $5,500 instead of $5,200 was discussed. At this time no ruling had been made upon the objection to the introduction of testimony. The findings of the court recite that the objection was held well taken. The settled case shows no ruling. It can be gathered from the record that the court was of the opinion that

no cause of action was stated in the complaint, unaided by the reply, and that none was proved, and this was correct. From the findings it appears that it was of the opinion that the defendant could not be required to take title though the mortgage indebtedness was reduced to $5,200. Finally, and it must have been after the occurrence of something which the record does not disclose, the defendant withdrew his counterclaim which was for the $200 earnest money paid. The court then inquired whether he moved for a dismissal. Instead he moved that findings be made on the merits. The court indicated that it would dispose of the case on such motion and direct findings for the defendant. Subsequently, findings were made and the facts admitted by the pleadings were found. If what was done amounted to a submission of the case by the parties, findings on the merits were justified; otherwise there could have been no more than a dismissal. The plaintiff did not ask to dismiss, nor make any offer of proof, nor indicate a desire to proceed further, nor did he object to the making of findings. What he did should be held the equivalent of resting his case. Clearly what the defendant did when he withdrew his counterclaim and asked for findings, though irregular, was the equivalent of resting. We hold that there was a submission of the case. This being so it was proper to make findings on the merits; and they could not have been otherwise than for the defendant.

Order affirmed.