## WILLIARD L. NOYES v. EDWARD RICHARD BROWN AND ANOTHER.[1]

April 11, 1919.

No. 21,152.

**Vendor and purchaser — independent covenant of vendee to pay — action for price.**

1. If the vendee in a contract for the sale of lands covenants that payment of the purchase price shall be a condition precedent to the performance by the vendor of his covenant to convey, the covenant

[1] Reported in 171 N. W. 803.

to pay is an independent one, enforceable in an action brought to recover the purchase price.

**Same — whether mutual or independent covenants question of intention.**

2. The intention of the parties to such a contract is the paramount consideration in determining whether their respective covenants are independent or mutual and dependent, and in ascertaining such intention the order of time in which performance shall take place is a controlling circumstance.

**Same — contract of sale construed.**

3. A contract for the sale of land provided that the vendee should be entitled to a conveyance when he had paid the full purchase price, surrendered the contract and made request upon the vendor at his office for a deed. *Held*: That the vendor could maintain an action for the recovery of the purchase price without pleading or proving a tender of a deed or ability and willingness to convey, but that, in case he obtained judgment, he should not be permitted to enforce it, until he had deposited in court a deed conveying title to the vendee as stipulated in the contract, to be delivered on payment of the judgment, and that execution should be stayed in the meantime.

**Same — deed from successor of vendor.**

4. The vendee is not unqualifiedly entitled to a deed from his immediate vendor, if the latter is under no duty to convey with personal covenants of title. A deed from one who has succeeded to the title of the vendor is all the vendee has a right to require, provided it conveys the title he was to get under the terms of his contract.

Action in the district court for Itasca county to recover $4,000, deferred payments upon the purchase of certain land and the taxes and assessments paid by plaintiff. The facts are stated in the opinion. The case was tried before Stanton, J., who granted defendant's motion for a directed verdict. From orders denying his motion to amend the complaint and to set aside the verdict and order judgment for plaintiff, or for a new trial, plaintiff appealed. Reversed.

*Willard A. Rossman,* for appellant.

*H. W. Stark,* for respondent.

LEES, C.

This action was brought to recover all deferred payments of the purchase price of 40 acres of land in Saskatchewan, Canada, sold to de-

fendants by one Upton under a written contract, thereafter assigned to plaintiff.

The answer interposed by defendant Brown, upon whom alone the summons was served, was a general denial.

There was a trial by jury and a directed verdict for defendant. Plaintiff appeals from an order denying his motion for a new trial. Defendant has not appeared in this court and the case has been submitted on the brief and oral argument of plaintiff's counsel.

The motion for a directed verdict was based on three grounds, which may be stated as follows: That an action at law on a contract for the sale of land to recover the purchase price will not lie; that plaintiff failed to plead or prove that he had tendered a deed to defendant or was able and willing to convey the land to him, and that defendant was entitled to a deed from Upton, his immediate vendor, who had disabled himself from conveying by transferring his interest in the land to plaintiff.

Unaided by brief or argument by defendant's counsel, we have attempted to discover a theory upon which the ruling of the trial court might be sustained.

1. In Freeman v. Paulson, 107 Minn. 64, 119 N. W. 651, 13 Am. St. 438, it was held that a vendor of land is not entitled to recover the purchase price from his vendee in an ordinary action at law, but is limited to a recovery of the damages he has sustained by reason of the breach of the contract, if legal as distinguished from equitable relief is sought.

In that case, the vendee was to make an initial payment when the contract was executed, and final payment upon the delivery of the deed. In the case at bar, the contract provides for the payment of $1,000 on the day of its execution and of $4,000 in four equal semiannual instalments. It recites that the times of such payments shall be "a condition precedent and of the essence of this agreement;" that the vendee will "punctually pay the sums of money above specified as each of the same becomes due;" that if he makes the payments as stipulated, then "upon request, at the office of the vendor, * * * at the city of Saskatoon, and the surrender of this agreement (he) shall be entitled to a conveyance of said land in fee simple;" that if he fails in the strict performance of his part of the agreement, the vendor shall have the right to declare the contract null and void by notice in writing to that effect, "but no for-

feiture shall take away the right of the vendor to recover the said purchase money;" that the vendee "accepts the title of the vendor, and the said vendor * * * or assigns, as the case. may be, shall not be bound to furnish any abstract of title, nor to produce any title deeds nor other evidence of title whatever, or to answer any requisition on title;" and that the vendee, after the execution of the contract, shall have the right of possession of the land.

Appellant contends that these provisions distinguish this contract from the one considered in Freeman v. Paulson, supra. We are of the opinion that this contention must be sustained.

In the Freeman case, final payment of the purchase price and the execution of the deed were to be concurrent acts. Here, payment of the purchase price is expressly made a condition precedent to the right of the vendee to a conveyance. In the ordinary contract for the sale of land, the vendee's covenant to pay and the vendor's to convey are mutual and dependent, but here the covenant to pay is to be performed before the vendor's covenant to convey becomes operative. When final payment is made, the vendee is to get his deed, "upon request, at the office of the vendor" and the surrender of the contract.

In a contract to convey as soon as the vendor obtained title to the land, this court held that "where, by the terms of a contract, the time to perform the covenant on the one side is to happen * * * before the time for the performance of the covenant on the other side, the former is not dependent on the latter." State v. Winona & St. Peter R. Co. 21 Minn. 472. Where the contract provided that the time for paying the consideration was a date prior to that for the transfer of the property, it held that the payment of the consideration was intended to be a condition precedent to the obligation to transfer. Robson v. Bohn, 27 Minn. 333, 344, 7 N. W. 357. It has also held that "the question whether covenants are to be held to be dependent on or independent of each other turns upon the intention of the parties, to be ascertained from the subject matter and terms of their contract. Such intention is paramount, to which, when once discovered, all technical forms of expression must yield." Reynolds v. Lynch, 98 Minn. 58, 107 N. W. 145.

The doctrine of these three cases is fully supported by the decisions of other courts. Early cases recognized nice and refined distinctions

in determining the character of covenants. The rule is now thoroughly settled, that the intention of the parties is the vital thing—that it is to be ascertained from the sense of the entire contract rather than from any particular form of expression, and that the order of time in which it is intended that performance shall take place is a controlling circumstance. Rules were formulated long ago in a note to Pordage v. Cole, 1 Saund. [See page 320b, 6th Am. ed. 1846]. This is one of them:

"If a day be appointed for payment of money, or part of it, * * * and the day is to happen, or may happen, before the thing which is the consideration of the money * * * is to be performed, an action may be brought for the money * * * before performance; for it appears that the party relied upon his remedy, and did not intend to make the performance a condition precedent; and so it is where no time is fixed for performance of that, which is the consideration of the money or other act."

In Paine v. Brown, 37 N. Y. 228, this rule was cited with approval. Following the lead of New York, the courts in many other states have since given their approval to the rule. It is unnecessary to rehearse the cases here. They are collected in 13 C. J. § 540.

The following language quoted from Collins v. Schmidt, 126 Wis. 227, 105 N. W. 671, exactly fits the case at bar:

"Under a contract like this, where conveyance is only to be made upon demand after completed payment, the promise of payment is absolute and may be enforced by suit without tender of conveyance. The duty of the vendor to convey is neither a condition precedent to payment nor an act which may be demanded concurrently therewith."

2. The consideration which led to the adoption of the rule that an action at law to recover the purchase price in an executory contract for the sale of land will not lie, was first stated in the early case of Laird v. Pim, 7 M. & W. 474, as follows:

"The question is, how much worse off is the plaintiff by the diminution in the value of the land, or the loss of the purchase money, in consequence of the nonperformance of the contract? It is clear that he can not have the land and its value too."

We find this thought expressed in substantially the same language in subsequent cases and by text writers. Porter v. Travis, 40 Ind. 556;

Prichard v. Mulhall, 127 Iowa, 545, 103 N. W. 774, 4 Ann. Cas. 789; Hogan v. Kyle, 7 Wash. 595, 35 Pac. 399, 38 Am. St. 910; Bensinger v. Erhardt, 77 N. Y. Supp. 577; 2 Warvelle, Vend. § 937; 2 Sutherland, Dam. § 569. It would be manifestly unjust to give the vendor the purchase money and allow him to keep the land. If such were the result of permitting a recovery of the purchase price, we should hesitate to sanction a recovery. The situation which has troubled the courts and which is presented in this case may be thus stated:

A vendor, whose contract entitles him to receive the purchase price before he can be called upon to convey, or who is to have a reasonable time after he gets his money within which to convey, cannot logically be denied the right to sue for and recover the purchase price after it falls due; but, if he may get judgment and collect it before conveying, a vendee, whose contract is not recorded and who is not in possession, may be deprived of the land through a wrongful conveyance to another, or through judgments against the vendor, and, if his vendor is contumacious, he may be put to the expense of a suit in equity to get title to the land after paying for it. The situation has been met in various ways by different courts. Some have cast logic aside, and, while permitting a recovery of all but the last instalment of the purchase price, have refused to allow it to be recovered in an action at law, no matter how trifling it may be. The rule adopted in these cases is that the vendor may sue for each instalment as it falls due except the last. If he waits until all the instalments are due and then sues for the whole obligation, or, having been paid all but the last instalment, he sues for that, he must first tender a deed and cannot recover in the absence of such tender. Biddle v. Coryell, 18 N. J. Law, 377, 38 Am. Dec. 521; Robinson v. Harbour, 42 Miss. 795, 97 Am. Dec. 501, 2 Am. Rep. 671; First Nat. Bank v. Agnew, 45 Wis. 131; Boone v. Templeman, 158 Cal. 290, 110 Pac. 947, 139 Am. St. 126.

Another line of cases holds, that there may be a money judgment for the entire purchase price, but that its enforcement will be stayed until the vendor deposits in court a deed, to be delivered to the vendee upon payment of the judgment. There is little practical difference between a judgment with execution stayed until a vendor deposits a deed, and a judgment for the purchase money at the end of a suit for specific per-

formance. The right to the latter remedy is well established. Freeman v. Paulson, supra; O. W. Kerr Co. v. Nygren, 114 Minn. 268, 130 N. W. 1112, Ann. Cas. 1912C, 538.

The former course of procedure has been termed an "irregular expedient to give the judgment at law the effect of specific performance, * * * of doubtful propriety in jurisdictions, where, * * * the distinction between actions at law and in equity is still preserved." Prichard v. Mulhall, supra. The expedient may be irregular, but its adoption is sanctioned in cases entitled to the highest consideration. Loud v. Pomona, Etc., Co., 153 U. S. 564, 14 Sup. Ct. 928, 38 L. ed. 822; Rindge v. Baker, 57 N. Y. 209, 224, 15 Am. Rep. 475. The following statement is found in Freeman, Exec. § 32, and appears to be well fortified by numerous decisions:

"The power of courts to temporarily stay the issuing of execution is exercised in an almost infinite variety of circumstances, in order that the ends of justice may be accomplished. In many cases this power operates almost as a substitute for proceedings in equity, and enables the defendant to prevent any inequitable use of the judgment or writ," citing among other cases Blair v. Hilgedick, 45 Minn. 23, 47 N. W. 310. See also Richardson v. Merritt, 74 Minn. 354, 77 N. W. 234, 407, 968, and Eaton v. Cleveland St. L. & K. C. Ry. Co. 41 Fed. 421.

Our conclusion is that if a vendor, in such an action as is now before us, obtains judgment for the purchase price, it is the duty of the trial court to stay execution thereon until the deed is deposited with the clerk of court, to be delivered to the vendee on payment of the judgment, and that the stay should be continued long enough to give the vendee a reasonable. opportunity to ascertain whether the deed conveys the title in compliance with the terms of the contract. The views expressed in Knoblauch v. Foglesong, 37 Minn. 320, 33 N. W. 865, point to the conclusion we have reached on this phase of the case.

3. The complaint does not plead a tender of a deed, or ability and willingness on the part of the vendor to convey.

It would seem that such allegations have no place in an action to recover the purchase price when the covenant to pay it is independent of the covenant to convey.

Lewis v. Prendergast, 39 Minn. 301, 39 N. W. 802, one of the first

cases to refer to the necessity of pleading an offer to perform, was a case where the covenants were held to be concurrent and dependent. That was an action for specific performance. In Blunt v. Egelund, 104 Minn. 351, 116 N. W. 653, an action for damages for breach of a contract for the sale of land, it was said by the present Chief Justice, that "generally speaking, where the stipulations of the contract are concurrent and dependent, a tender of performance before suit is necessary * * * and in those cases where the time of performance is past, an allegation of the failure and refusal by defendant to perform, the first act of performance being by the terms of the contract cast upon him, sufficiently states a right of action."

The language quoted precisely fits the case at bar, and the rule there laid down dispenses with necessity of pleading an offer to perform in such a case as we have here.

The same rule was laid down in Gale v. Best, 20 Wis. 44, 48, and in Shenners v. Pritchard, 104 Wis. 287, 80 N. W. 458.

There is nothing inconsistent in Freeman v. Paulson, supra. Had the contract in that case been similar in its terms to the contract now in question, the practice we have sanctioned here would have been applicable.

4. The provisions of the contract relating to the title defendant was to receive have been sufficiently pointed out. They do not entitle him to a deed with personal covenants by his vendor. If he receives a conveyance of title in fee, he will get all that the contract provides for. Such title may come from his vendor's assignee, or from any other source, provided it conveys the fee to him. The case does not fall within the rule stated in McNamara v. Pengilly, 64 Minn. 543, 67 N. W. 661, but is governed by Meyers v. Markham, 90 Minn. 230, 96 N. W. 335, 787, and McManus v. Blackmarr, 47 Minn. 331, 50 N. W. 230.

Order reversed.