# DORA V. BENJAMIN AND ANOTHER v. ANDREW SAVAGE.[1]

January 5, 1923.

No. 23,170.

Action to recover from vendee in possession of land instalment of purchase price—covenants to pay instalment and covenant to convey independent covenants.

1. A contract for the sale of land provided for a cash payment, and subsequent half-yearly instalments, extending over several years, conveyance to be made when payment in full was made. Possession was delivered to the vendee. He became the equitable owner, the legal title remaining in the vendor as security for the deferred payments. The covenant to pay the instalments of the purchase price, except the last one, and the covenant to convey, were independent, and an action at law could be maintained to recover an instalment. The vendor was not relegated to an action for damages for the breach of the contract or for specific performance.

Registration tax on contract payable by vendor during trial—contract then admissible.

2. The registration tax was not paid and the contract was not recorded. It was not admissible in evidence. It is *held* that the vendor might pay the tax while the trial of the action was in progress, though the vendee objected, and that the contract was then admissible in evidence and a recovery could be had thereon.

Claim of defect in title based on difference in names not substantial.

3. The defendant claims a defect in the title because of a discrepancy between the name of a grantee in a deed and the name of the grantor in a subsequent deed. The two deeds have been of record for more than 50 years and no adverse title based on the discrepancy has been asserted. His earnest money contract provided for an abstract showing good title and a contract of sale. An abstract was furnished and the contract of sale involved here was delivered to him and accepted and he took and now maintains possession. When sued for an instalment he cannot now object to the title, and in any event his claim of a defective title is not substantial.

[1] Reported in 191 N. W. 408.

Action in the district court for Hennepin county to recover $500 upon a land contract. The case was tried before Montgomery, J., who at the close of the testimony denied defendant's motion for a directed verdict and granted plaintiffs' motion for a directed verdict. From an order denying his motion for judgment notwithstanding the verdict or for a new trial, defendant appealed. Affirmed.

*Jay W. Crane,* for appellant.

*Louis L. Swarthe* and *Felix Moses,* for respondents.

DIBELL, J.

Action at law to recover the first instalment due on a contract for the purchase of land. A verdict was directed for the plaintiffs. The defendant appeals from an order denying his alternative motion for judgment or a new trial.

1. On April 6, 1921, the plaintiffs entered into a contract with the defendant whereby they sold and agreed to convey a lot in Minneapolis for $8,250, of which $1,000 was paid in cash, $500 was to be paid on October 6, 1921, and $500 each six months thereafter until the entire purchase price was paid, together with interest on deferred payments. The defendant was given possession. He became the equitable owner. The legal title remained in the plaintiffs as security for the deferred payments. The plaintiffs were given the right to terminate the contract, as provided by the statute, that is, on 30 days' notice. The action is to recover the $500 due on October 26, 1921.

It is the contention of the defendant that the contract to give a deed and to pay the agreed instalments were dependent, and that there could be no recovery of the instalments in an action at law, the plaintiffs' remedy being an action for damages for the breach or an action for specific performance. He relies upon Freeman v. Paulson, 107 Minn. 64, 119 N. W. 651, 131 Am. St. 438, and other cases. See 3 Dunnell, Minn. Dig. § 10084. The plaintiffs claim that the covenants to pay, unless it be the covenant to pay the last instalment, are independent of the covenant to make a deed, and that recovery can be had for each instalment as it matures. This

is the correct view. Where there are numerous instalments, and the deed is to be given when the last one is paid, the covenant to pay instalments, except the last one, and the covenant to convey, are independent. Loveridge v. Coles, 72 Minn. 57, 74 N. W. 1109; Lindstrom v. Helk, 139 Minn. 100, 165 N. W. 873; Noyes v. Brown, 142 Minn. 211, 171 N. W. 803. The situation shows such to be the intention.

2. The registration tax had not been paid upon the contract when the trial commenced. Objection was made to its introduction in evidence. The plaintiffs paid the tax, the treasurer's receipt was indorsed thereon, and the contract was received in evidence. It was not countersigned by the county auditor as contemplated by G. S. 1913, § 2305. This is unimportant. The important thing is that the tax be paid. Besides, the only objection made to the introduction of the certificate was that the taxes could not be paid at the trial, after objection, and the contract thus be made admissible in evidence.

Until the payment of the tax the contract is in a state of dormancy. It cannot be recorded nor received in evidence and no substantial right can be built upon it. The effect of the nonpayment of the tax had consideration in Sittauer v. Alwin, 151 Minn. 508, 187 N. W. 611; John v. Timm, 153 Minn. 401, 190 N. W. 890; Engenmoen v. First State Bank, 153 Minn. 409, 190 N. W. 894; and Lowagie v. Haney, 153 Minn. 436, 190 N. W. 892. They are consistent with and perhaps foreshadow the holding, which we now make, that in an action such as this payment of the tax may be made at the trial, though objection is made, and the contract received in evidence. This holding is not inconsistent with First State Bank of Boyd v. Hayden, 121 Minn. 45, 140 N. W. 132, or Engel v. Mahlen, 153 Minn. 1, 189 N. W. 422, where the holding was that a notice to terminate such a contract given before the payment of the tax is ineffective.

3. The defendant makes some claim that the plaintiffs' title was defective.

In 1864 a deed was made by the then record owner to "Henry N. Weiming of the city of Cincinnati, county of Hamilton and state

of Ohio." On March 25, 1869, "Henry N. Wenning and Caroline Wenning, his wife, of the city of Cincinnati and state of Ohio," conveyed the property to one through whom the plaintiffs trace title. At the time of the contract between the plaintiffs and the defendant this deed had been of record for more than 50 years. Many conveyances depend upon it. No adverse title has been asserted. The plaintiffs were in possession when they made the sale to the defendant and they delivered him possession. On March 17, 1921, the plaintiffs and the defendant entered into an earnest money contract which provided for the furnishing of an abstract showing title and the execution of a contract. An abstract was furnished. The contract contemplated by the earnest money contract, that here involved, was accepted, and possession was taken and is maintained by the defendant under it, and he collected rent. The defendant is not now, when sued for an instalment of the purchase price, in position to claim the defect in the title upon which he relies; and, if we go to the merits, his claim is not substantial.

Order affirmed.