PAYNESVILLE LAND COMPANY v. WILLIAM A. GRABOW.[1]

October 31, 1924.

No. 24,121.

**Trial by jury waived by plaintiff.**

1. Where plaintiff's counsel on the call of the trial calendar acquiesces in a case being marked for the court calendar and thereafter requests resetting of the case as a court case, and later consents to the case being set as the last case on the court calendar, he waives a jury trial.

**Complaint construed.**

2. Complaint construed as one for the recovery of money only, and not one for specific performance, and, as such, it stated a cause of action to recover an intermediate and independent payment maturing on a contract for deed.

**When vendee cannot rescind on ground vendor is not record owner.**

3. A vendor has good title justifying his entering into a contract for deed when he holds a valid subsisting contract for deed from one who also holds such contract with the fee owner; and, where these parties are willing to carry out their contracts, the vendee cannot rescind because the vendor is not the record owner in fee.

**Vendor may make final payment from purchase price.**

4. Under such circumstances vendor may discharge his final payment from the purchase price which he receives.

**Contract enforceable—description sufficient.**

5. Record examined, and *held* that: (1) Defendant waived the delivery of the abstract of title; (2) defendant waived a provision in the contract for deed requiring vendor to make record title in his own name within 60 days; (3) an earnest money contract for deed made by a member of a copartnership covering land owned by the members of the copartnership in their individual names may be enforced by the copartnership; (4) description of land in contract was under the circumstances sufficiently definite.

[1]Reported in 200 N. W. 481.

Action in the district court for Stearns county to recover $10,275. Defendant's demurrer to the complaint was overruled. Defendant answered and the case was tried before Roeser, J., who made findings and ordered judgment in favor of plaintiff. From an order denying his motion for a new trial defendant appealed. Affirmed.

*Albert Hauser,* for appellant.

*R. B. Brower,* for respondent.

WILSON, C. J.

On May 29, 1920, an earnest money contract was made by defendant with the Paynesville Land Company by George J. Andrews, which contract in part is as follows: to-wit:

## "EARNEST MONEY CONTRACT OF SALE.

Paynesville, May 29, 1920.

"RECEIVED of Wm. A. Grabow One thousand 00-100 Dollars ($1000.00), as Earnest Money, and in part payment for the purchase of the following described property situated in the County of Stearns and State of Minnesota, viz:

"52.90 acres of W$\frac{1}{2}$ of SW$\frac{1}{4}$ less 3.90 acres, in Sec. 17, and the South 100 rods of the E$\frac{1}{2}$ of SE$\frac{1}{4}$ of Sec. 18, in Township 122, Range 32, Containing in all 99 acres, more or less, according to the government survey thereof,

which we have this day sold and agreed to convey to said Wm. A. Grabow for the sum of Twenty-two Thousand two hundred seventy-five Dollars ($22,275.00), on terms as follows, viz:

"One thousand Dollars ($1000.00) in hand paid as above and $1000.00 Oct. 15, 1920

$10,275.00 March 1st, 1921

$10,000.00 to be carried in a first mortgage at 6% for 5 years from March 1st, 1921, payable on or before the dates as above named, or as soon thereafter as a Warranty Deed conveying a good title to said land is tendered, time being considered of the essence of this Contract.

"It is understood that complete abstract of title continued to date is to be furnished to purchaser at the expense of vendor, after which

20 days is to be allowed purchaser for examination of title and report to Paynesville Land Co." * * *

"And it is agreed that if the title to said premises is not good and cannot be made good within sixty days from date hereof, this agreement shall be void and the above One thousand Dollars ($1000.00) refunded. But if the title to said premises is now good, in the name of vendor, or is made good in him within sixty days, and the purchaser refuses to accept the same, said One thousand Dollars, $1000.00, shall be forfeited to the said Paynesville Land Co.

"But it is agreed and understood by all parties to this agreement that said forfeiture shall in no way affect the right of either party to enforce the specific performance of this Contract." * * *

"PAYNESVILLE LAND CO.     (Seal)

"By Geo. J. Andrews          Agent.

"I hereby agree to purchase the said property for the price and upon the terms above mentioned, and also agree to the conditions of forfeiture and all other conditions therein expressed.

"WM. A. GRABOW"          (Seal)

This action is brought to recover the $10,275 maturing on March 1, 1921. The complaint sets forth the contract in full and seeks only a money judgment.

Defendant demurred to the complaint on the ground that it did not state facts sufficient to constitute a cause of action. It was overruled. Defendant answered, claiming that plaintiffs on May 29, 1920, were not the owners of the land and also claiming that the abstract of title was not furnished as specified in the contract. He also pleaded a counterclaim asserting that, because of the delinquency of plaintiffs in reference to their ownership and nondelivery of the abstract, he had a right to and did rescind the contract, and he sought to recover the payments which he had made. The reply says that defendant affirmed the contract.

The case was tried to the court and findings were made in favor of plaintiffs. Defendant moved for amended findings or for a new trial and now appeals from the order denying this motion.

Appellant claims that he was entitled to a jury trial. His counsel lived 80 miles from the place of trial. He had a local attorney look after the setting of the case. On the call of the calendar all acquiesced in the case going to the court calendar. It was then reset for trial as a court case at different times at the request of counsel for both sides. Thereafter the representative of appellant consulted the court on different occasions inquiring as to the time when the case could be set for trial. It was finally set for trial as a court case on the last day of the term pursuant to an agreement of counsel. When the case was called for trial, appellant's counsel objected to the case being tried to the court and not to a jury. The court properly held that defendant waived a jury. 2 Dunnell, Minn. Dig. § 5234.

The demurrer and the objection to the sufficiency of the complaint necessitate a construction of the complaint. If the action was an equitable action for specific performance, it would require an allegation of the performance of any condition precedent on the part of plaintiffs. The complaint was not intended as an action in equity, but it is purely and clearly an action at law to recover a certain specified amount which was due according to the terms of the contract, and the defendant was at liberty to plead in his answer, as he later did, those things which he claimed justified his nonpayment. Whether then, in fact, the complaint is sufficient in an action at law requires the further consideration of the inquiry as to whether it is an action to recover a final payment upon the purchase price of the land within the doctrine of Freeman v. Paulson, 107 Minn. 64, 119 N. W. 651, 131 Am. St. 438, or is it an action to recover an intermediate and independent payment? If this action is to compel full performance on the part of the vendee which would require payment and conveyance as simultaneous acts, then the vendor must be both able and ready to convey marketable title and the complaint should so allege. In such an action the complaint would be insufficient. But, if the complaint is merely to recover an intermediate payment, it is sufficient. Duluth L. & L. Co. v. Klovdahl, 55 Minn. 341, 56 N. W. 1119; Loveridge v. Coles, 72 Minn. 57, 74 N. W. 1109; True v. Northern Pac. Ry. Co. 126 Minn. 72, 147 N. W.

948; Noyes v. Brown, 142 Minn. 211, 171 N. W. 803; Smith v. Kurtzenacker, 147 Minn. 398, 180 N. W. 243; Benjamin v. Savage, 154 Minn. 159, 191 N. W. 408.

The payment of the $10,275 is not the only thing the appellant has to do in order to put himself in a position to be entitled to demand the deed. There is another $10,000 of the purchase price to be considered. The contract says: "$10,000.00 to be carried in a first mortgage at 6% for 5 years from March 1st, 1921." This language must necessarily be construed to mean that the appellant must execute and deliver such mortgage simultaneously with receiving title. While this act was due on the same day as the maturity of the money which this action seeks to recover, this action in no way involves the obligation of the appellant to give the mortgage which must be given as a condition to his right to title. It follows that this action is brought to recover an intermediate payment. The complaint was sufficient.

On February 27, 1921, appellant learned that the title to the land did not stand of record in the name of plaintiffs, but was in the name of Josephine Gunder. He then notified plaintiffs that he would drop the deal. He claimed the right to do this under the provision in the contract specifying the 60 days. He asserts that this contract died on July 29, 1920, because the title was not in the meantime in the name of plaintiffs. The language of the contract is peculiar and is unusual. It requires: First, that the agreement shall be void if the title is not good and cannot be made good within 60 days; second, that the title must be good in the name of vendor within 60 days and then if vendee refuses to accept the same he forfeits the initial payment of $1,000.

Did the vendors at the time for performance have good title? On October 19, 1918, Josephine Gunder, a widow, was the owner in fee of the premises in question subject to a mortgage given to the First State Bank of Paynesville. On that day she sold the land on contract for deed to R. V. Custer for $17,000 payable in instalments. The last payment matured March 1, 1921, at which time the balance was to be secured by mortgage for $10,000 due in 5

years at 6 per cent. Custer entered possession and on April 20, 1920, sold the land to plaintiffs for $22,275; $2,000 cash; $10,275 due March 1, 1921, and the balance to be paid in 5 years from that date and secured by first mortgage on the land due in 5 years at 6 per cent. On May 29, 1920, plaintiffs made their contract with appellant. Appellant knew when he bought the farm that plaintiffs did not have record title. He knew that they were making a deal with Custer for the farm. Josephine Gunder deeded the land to R. V. Custer on March 1, 1921, and on that date Custer and his wife executed to Josephine Gunder a first mortgage for $10,000 due on or before 5 years at 6 per cent. On March 8, 1921, Custer and his wife conveyed this farm by warranty deed to E. A. Schmitt and George J. Andres, plaintiffs herein, subject to the last-mentioned mortgage. They were in a position on March 1, 1921, to procure the title in their name and to have taken up the Gunder mortgage, and would have done so, had appellant performed his part of the contract. He did not. On or after March 1, 1921, and after plaintiffs had paid Custer for the land, appellant refused to perform the contract because the record title was in the name of Josephine Gunder. Did these facts put plaintiffs in a position of persons having good title with which they could carry out their contract?

The mere fact that Josephine Gunder held the record title did not justify appellant in concluding that plaintiffs could not perform. They held a valid subsisting contract for deed from Custer, who on March 1, 1921, procured a deed from the record owner. Upon demand for performance, plaintiff could have promptly procured deeds conveying the title. Appellant was entitled to a deed from them and not from a third person. George v. Conhaim, 38 Minn. 338, 37 N. W. 791; Steiner v. Zwickey, 41 Minn. 448, 43 N. W. 376; Buswell v. O. W. Kerr Co. 112 Minn. 388, 128 N. W. 459, 21 Ann. Cas. 837. Plaintiffs had acquired an equitable title to this land which sustained their right to sell on contract to appellant without waiting until they obtained their deed. Such imperfections in title when the contract is made will form no ground of objection thereto, if removed before the time of completing the purchase. Townshend v. Goodfellow, 40 Minn. 312, 41 N. W. 1056,

3 L. R. A. 739, 12 Am. St. 736. When time for performance arrived, the vendor, upon demand, must be prepared to deliver complete title. Gregory v. Christian, 42 Minn. 304, 44 N. W. 202, 18 Am. St. 507. This court has said that the vendor must acquire and be prepared to convey a good title before the expiration of the time fixed for the performance of the contract. Schlemmer v. Nelson, 123 Minn. 66, 142 N. W. 1041. He is then entitled to reasonable time to prepare and deliver the conveyance, not reasonable time in which to perfect and make good a defect in the title. Lutz v. Fults, 155 Minn. 207, 193 N. W. 119. But, when the vendor has a valid subsisting enforceable contract with a third person who holds title and who stands ready to perform, it is sufficient. Such does not prevent the vendee from getting all that he is entitled to under his contract. An encumbrance or other defect removable at the time of the completion of the purchase is not a ground for rescission. Duluth L. & L. Co. v. Klovdahl, 55 Minn. 341, 56 N. W. 1119. Where existing liens can be discharged out of the purchase price to be paid at delivery of the deed, the vendor is not required to discharge such liens out of his own funds prior to the time fixed for such delivery, but may cause them to be paid out of the purchase price at that time. Johnson v. Herbst, 140 Minn. 147, 167 N. W. 356; Lynch v. Higgins, 154 Minn. 151, 191 N. W. 422. The same principle should also reach and include the amount due to former owners who have sold under contract. The vendee does not suffer, and there is nothing unreasonable in such course of business. We are of the opinion that plaintiffs under the facts in this case were, at the time for performance, in a position to carry out the contract with appellant and the character of their title was such as to fulfil all legal requirements.

It is the claim of appellant that he is entitled to rescind because the plaintiff failed to furnish him an abstract of title as specified in the contract. The court however found that plaintiffs had the abstract and held it at the request of appellant, and that it showed good title and that there was no delinquency in reference to the abstract. The evidence supports this finding.

The contract provides that if the title is made good in the name of the vendors within 60 days and the purchaser refuses to accept the same, the $1,000 payment shall be forfeited to the vendors. It does not in this event specify that the contract shall be void. We are not, however, concerned with the penalty because the court found that this particular requirement was waived. Ordinarily there would be no special reason for the title to be put in the name of the vendor in 60 days. The important thing is that the vendee gets good title at the time of performance. However, the parties saw fit to incorporate this provision in their contract. This was their right. It is a valid provision. It may be waived. The evidence in support of the finding that it was waived, in substance is as follows: The contract was made in May and appellant paid no more attention to this requirement until February 27 following. The 60 days expired on July 29. When the contract was made the vendee lived in Brown county. In the fall he moved. Failing in an effort to get possession of the building on the farm in question, he moved into a house nearby. He went into partial possession. He used the pasture. He plowed 35 acres. He put his machinery on the place and put his hay in the barn. He made the second payment of $1,000 in November. He hauled manure on the farm in question. He offered the farm for sale at an advanced price. During all the winter he stated he was going to take the place. He purchased some of the corn on the place and shocked it. He negotiated with Custer for possession of the house. He told plaintiffs to keep the abstract for him until March 1. He knew plaintiffs had to get title from Custer and yet delayed the examination of the abstract until March, clearly evidencing an abandonment of the requirement that plaintiffs should have title in their name by July 29. He was told by Custer that if he would make final settlement he could get possession any time. The finding of the trial court in reference to this waiver is amply sustained.

It is urged that, because the contract was made in the firm name, it is unenforceable because a copartnership cannot hold the legal title to land. Plaintiffs, as individuals, procured the title to this land. They contracted for it in the firm name. Such contracts

are enforceable against the individuals who constitute the copartnership. Townshend v. Goodfellow, 40 Minn. 312, 41 N. W. 1056, 3 L. R. A. 739, 12 Am. St. 736. This contract was executed by one of the owners. Both partners are in court as plaintiffs. Obviously it was executed by the consent and authority of both partners. Appellant has in no way been misled. He knew the facts. He attempted to rescind before the legal title, which was later acquired in the individual names, was in fact obtained. We must presume that the deed would have come from the individuals. If not, appellant could then have refused to accept. In the future such questions of this character will mostly be solved in the light of chapter 487, p. 813, Laws 1921. Plaintiffs were entitled to enforce the contract.

Appellant claims the contract is not enforceable because there is no written authority to Andrews to sign the contract and that it is void under the statute of frauds. Andrews was one of the owners. Moreover the rule of partial performance would apply. Thomas v. Rogers, 108 Minn. 132, 121 N. W. 630, 133 Am. St. 421. We do not anticipate appellant will experience any legal difficulty by being unable to specifically enforce the contract as contended. This claim is without merit.

Appellant claims the contract is void because the description of the land therein is too indefinite. We do not think this description comes within the authorities cited in appellant's brief. The office of the description is not to identify the land, but to furnish the means of identification. A description is sufficient if a surveyor can from it readily locate the land. Curtiss & Yale Co. v. City of Minneapolis, 123 Minn. 344, 144 N. W. 150; 18 C. J. 180. The land was in fact described as follows:

"That tract of land commencing at the section stake between sections 17, 18, 19 and 20 in township No. 122, Range No. 32, thence east on the section line between sections 17 and 20 in said township and range, 71 rods and 13 links; thence 140 rods north to the center of the Verdale Town Road; thence westerly along the center of said road a distance of 250 feet; thence due south 520 feet;

thence due west to the west line of said section 17; thence due south on the line between sections 17 and 18 to the place of beginning. Also that tract of land described as follows: Commencing at the southeast corner of Section No. 18, Township No. 122, Range No. 32; thence north on the section line between sections 17 and 18 in said township and range 100 rods and 4 feet; thence due west to the west line of the east half of the southeast quarter of said section 18; thence due south 100 rods and 4 feet; thence due east on the section line between sections 18 and 19 to the place of beginning. Containing in all 99 acres more or less according to the government survey thereof."

The court found that, during the negotiations leading up to the making of the contract, appellant and respondents duly inspected and viewed the farm and respondents then and there showed appellant the location, extent and boundaries of the land and all thereof; and that appellant was told that the description of the land was in part by metes and bounds and somewhat lengthy, but that it was given in the tax books in a short form which was used in the contract; and that it was well understood by all parties that the land involved was that above described. He knew the farm he bought and he knew its boundaries. He did not need a surveyor to locate it. The description doubtless should have been more extended in the deed, but we think it sufficient under the circumstances for the purpose for which it was used.

Affirmed.