WILLIAM BOWERS AND ANOTHER v. DELIA P. NORTON
AND ANOTHER.[1]

November 19, 1926.

No. 25,632.

**Statutory notice of cancelation of contract not vendor's exclusive remedy.**
    Case controlled by prior decisions.

Vendor and Purchaser, 39 Cyc. p. 1430 n. 77, 80.

Defendants appealed from an order, of the district court for Dodge
county, Senn, J., denying their motion for a new trial. Affirmed.
    *George A. Norton* and *N. J. Nelson,* for appellants.
    *H. J. Edison,* for respondents.

PER CURIAM.
Action by vendors against vendees for specific performance of a
contract to convey land. After findings and an order for judgment
for plaintiffs, defendants appeal from the order denying their motion
for a new trial.
The case has proceeded and judgment has been ordered for plain-
tiffs under the rule of Abbott v. Moldestad, 74 Minn. 293, 77 N. W.
227, 73 Am. St. 348, and Freeman v. Paulson, 107 Minn. 64, 119
N. W. 651, 131 Am. St. 438. Those cases are now controlled by
Noyes v. Brown, 142 Minn. 211, 171 N. W. 803. See also Paynes-
ville L. Co. v. Grabow, 160 Minn. 414, 200 N. W. 481.
The main argument for defendants is that the statute, G. S. 1923,
§ 9576, providing for the cancelation by notice of an executory con-
tract for the conveyance of land, provides the exclusive remedy for
the vendor. There is nothing in that point and it was decided other-
wise in State Bank v. Sylte, 162 Minn. 72, 202 N. W. 70.
The other points made for defendants are also disposed of ad-
versely to defendants by the cases first above cited.
    Order affirmed.

    [1]Reported in 210 N. W. 871.