HENRY ZUELKE v. FRED W. PAPKE.
FARMERS & MERCHANTS STATE BANK OF LITCHFIELD,
INTERVENER; WILLIAM J. WENGER, RECEIVER.[1]

March 11, 1932.

No. 28,760.

[1]Reported in 241 N. W. 577.

458

■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■

*E. H. Elwin* and *Lewis E. Jones,* for appellant.

*Murphy, Johanson, Winter & Nelson,* for respondent.

DIBELL, J.

In an action in the district court of Wilkin county by Henry Zuelke against Fred W. Papke, two copartners, the copartnership was dissolved. The defendant William J. Wenger was appointed receiver on June 10, 1929. Creditors were permitted by the order appointing a receiver to present their claims within three months. The intervener, Farmers & Merchants State Bank of Litchfield, was in default, and on an ex parte application it was permitted to file its claim and did file it on January 16, 1930. Later, in May, 1930, upon leave had after notice, and over objection, an amended and supplemental complaint or claim was filed. The issues were tried and resulted in an adjudication in favor of the intervener allowing its claim in the sum of $4,029. The receiver appealed from the judgment allowing the claim.

No complaint of the filing of the original complaint in intervention is made. There was an objection to the filing of the amended and supplemental complaint, and error is alleged here upon the ground that the facts of the original complaint in intervention were insufficient upon which to base a claim at law; and that the intervener should not be allowed by supplemental complaint to supply the lack of an original complaint not stating a cause of action. The appellant rests his claim upon the doctrine stated in Lowry v. Harris, 12 Minn. 166 (225); Meyer v. Berlandi, 39 Minn. 438, 40 N. W. 513, 1 L. R. A. 777, 12 A. S. R. 663; Eide v. Clarke, 65 Minn. 466, 68 N. W. 98; Cook v. Bean, 17 Ind. 504; Lafayette Tr. Co. v. Peck, 133 App. Div. 370, 117 N. Y. S. 336; 5 Dunnell, Minn. Dig. (2 ed.) §§ 7526c, 7636.

The original complaint in intervention was based upon promissory notes and on its face stated a cause of action in favor of the intervener. The facts set forth in the supplemental complaint and supported by proof are about these: On October 17, 1919, Leslie Mullen sold a quarter section of land to Henry Zuelke and Fred W. Papke as copartners. The claim of the respondent is that the covenants in the contract of sale being dependent, as it is admitted they were, there could be no recovery upon the notes in an action at law and that the intervener could recover only by way of specific performance after tender. This is the doctrine of Freeman v. Paulson, 107 Minn. 64, 119 N. W. 651, 131 A. S. R. 438. The distinction between the right to recover at law and in equity is made to depend upon whether the covenants are dependent or independent. See Noyes v. Brown, 142 Minn. 211, 171 N. W. 803; Benjamin v. Savage, 154 Minn. 159, 191 N. W. 408, 35 A. L. R. 97; Paynesville Land Co. v. Grabow, 160 Minn. 414, 200 N. W. 481; Bowers v. Norton, 169 Minn. 198, 210 N. W. 871; 6 Dunnell, Minn. Dig. (2 ed. & Supp.) §§ 10083–10085.

In 1924 Mullen assigned the contract and accompanying notes to the intervener. After the making of the original complaint and prior to the filing of the supplemental complaint in intervention, the intervener and Mullen tendered proper deeds of conveyance in fee simple to Zuelke and Papke, as provided in the contract, and thereby complied with the contract and were entitled to recover the unpaid purchase price. On December 1, 1927, Zuelke and Papke executed to the intervener the notes which are described in the intervener's supplemental complaint, which need not be detailed here. These notes were given to evidence the amount still due, and, as noted, they were given prior to the appointment of a receiver. The intervener was the owner of them at the time the receiver was appointed.

The facts are in some confusion. This is not unusual when, as here, the land contract was executed in the period of land inflation, when hopes ran high, and, as events turned, was to be performed in a period of deflation. We have not detailed them all, but we

have given enough. Giving the appellant, the receiver, the advantage of every contention which can be made fairly in his behalf, he cannot complain of the judgment against him. There was a live controversy at the trial upon the issue whether the purchase of the quarter section was a partnership transaction or an individual one of the two copartners. It is not claimed that the finding of the trial court that it was a copartnership matter is not sustained by the evidence. We have then a situation where at the time of the appointment of the receiver the intervener had notes for the unpaid purchase price of the land which on their face made a cause of action. Conceding that the cases relative to the making of a supplemental complaint apply to the situation here, the fact is that when the supplemental complaint was filed a good cause of action to recover the unpaid purchase money as upon specific performance within Freeman v. Paulson, 107 Minn. 64, 119 N. W. 651, 131 A. S. R. 438, is stated. The parties were in a court of equity, which was administering an insolvent partnership estate. They were in a court which would allow a claim based upon a right of recovery by way of specific performance as it would upon a cause of action purely at law. Whether the one presented was necessarily in equity and could not be sustained at law is not a vital question. It was for the trial court to marshal and distribute the partnership assets. It cannot be held that the intervener could not receive the unpaid purchase price from the partnership assets because it had not proceeded in equity by way of specific performance at the time of the appointment of a receiver or at the time of the filing of its original complaint. It may be that, the notes having become due and they and the contract having been assigned to the intervener and new notes having been given it, under the evidence and findings they might be considered as evidencing payment. This we leave undetermined and give the receiver the benefit of the law which he claims. Of course if· the equity in the land is worth nothing or less than the debt adjudged against the estate, the receiver and some others whom he represents will suffer; just as the receiver and some whom he represents will gain if the equity is worth in excess of the debt.

In closing it should be said that if there is anything that the intervener can do by way of further transfers to make a good title in the receiver or convenience him in the administration of the estate the court can require it; and this is the intervener's offer.

Judgment affirmed.

