# William J. Neill's Admr., Plff. in Err., *v.* S. R. Peale.

A contract construed, and held to contain mutual covenants: One on the part of the defendant that if he fails to make any payment at the time specified he will forfeit all money previously paid, and the other on the part of plaintiff that in consideration of such forfeiture he will release and discharge defendant from all subsequent liability on the contract.

(Decided February 15, 1886.)

Error to the Common Pleas, No. 1, of Philadelphia County to review a judgment for defendant. Affirmed.

William J. Neill and S. R. Peale made a contract in February, 1865, for the sale by the former and the purchase by the latter of a tract of land.

Peale, in consideration of the contract to sell, covenanted to pay the seller $33,500, $1,000 down, $5,000 on March 3, and the balance in thirty days with interest. The contract then provided for the immediate execution of a deed, to be deposited in bank in trust for both parties, to await the payment of the purchase money, and then came this clause: "It is expressly understood and agreed that in case the party of the second part shall fail to pay either of the payments above stated at the time specified, and shall continue to omit said payment for five days thereafter, then the moneys which have before said time been paid shall be forfeited and this agreement is null and void thereafter."

The action was brought in 1885 by Neill's administrator against Peale to enforce the performance of this contract. The defendant demurred. (1) Because in the contract there was a provision that on delay to make certain payments for five days all payments should be forfeited and the agreement null and

---

NOTE.—Parties may agree in advance under what circumstances, and upon what contingency, the contract shall terminate, or either party be absolved from its obligations. If the circumstances occur, or the contingency happen, even by the voluntary act of the party claiming the benefit of the stipulation, it will be available to him in the absence of any fraud or *mala fides*. Delaware, L. & W. R. Co. v. Bowns, 58 N. Y. 580. When the contract is entire no right of action accrues by one of the parties against the other until there has been a full compliance on his part, or willingness to comply shown. Schilling v. Durst, 42 Pa. 126; Easton v. Jones, 193 Pa. 147, 44 Atl. 264; Murray v. Iron Hall, 9 Pa. Super. Ct. 89, 43 W. N. C. 357.

void, and that it was averred that there had been such delay; (2) because the act of 1856 limits the bringing of action for damages for noncompliance with a contract for the sale of real estate to five years, and there is no averment of substantial part performance or written acknowledgment within that period.

The judgment was for defendant and the plaintiff brought error.

*R. C. McMurtrie* and *Pierce Archer, Jr.,* for plaintiff in error.

*John G. Johnson* for defendant in error.

PER CURIAM:

We have given a careful consideration to the written agreement on which this case is founded. We think the clause on which the contention arises contains mutual covenants. If the defendant fails to make either of the payments at the time specified, he agrees to forfeit all the money which he has previously paid; and the plaintiff agrees that thereafter the agreement shall be null and void. In other words, in consideration of the defendant's agreement to forfeit the money which he shall have paid, the plaintiff agrees to accept that in full satisfaction of the agreement, and to release and discharge the defendant from all subsequent liability thereon.

This question is fairly presented by the cause first assigned for demurrer. On that the judgment is sustained. We express no opinion as to the effect of the statute cited as the second cause of demurrer.

Judgment affirmed.