Shenners vs. Pritchard and another.

---

SHENNERS, Appellant, vs. PRITCHARD and another, Respondents.

*September 27 — October 20, 1899.*

*Land contracts: Forfeiture: Void or voidable? Election: Recovery of purchase price: Limitations: Covenants: Conditions precedent: Tender of deed.*

1. By a land contract the purchasers bound themselves to pay the purchase price in instalments at specified times, and the vendor agreed that if the purchase price and interest should be fully paid he would execute and deliver a warranty deed of the premises within a reasonable time after demand. The contract also provided that if the purchaser failed to make any of the payments as specified the agreement should thenceforth be "utterly void and of no effect and all payments thereon forfeited, subject to be revived and renewed" by the vendor or the mutual agreement of both parties. *Held*, that failure to make payments as specified did not render the agreement absolutely void so that no action at law could be maintained on it by the vendor, but gave the vendor an election to declare the contract void or to continue it in force and sue for the purchase price or for specific performance.

2. The action of the vendor in such case in deeding the land to a third person and assigning the contract to. him, and the bringing of a suit by the assignee for the unpaid purchase money, are *held* to be an election to declare the contract still in force.

3. The vendor and his assigns, not being bound by the contract to make their election within any given time, may exercise it at any time

before they are cut off by the statute of limitations, where it does not appear that the vendees have suffered any injury or loss for which they might obtain relief in equity.

4. The fact that the deed from the vendor in such case antedates the assignment of the contract is of no significance, unless it was shown that the conveyance by deed was an independent transaction and intended to cut off the vendees' rights.

5. A clause in said contract imposing upon the vendor the duty of grading streets, etc., is *held* to be an independent covenant and not a condition precedent to a recovery of the purchase price.

6. The covenant as to the giving of the deed being that the vendor will, after full payment and within a reasonable time after demand, execute and deliver the deed, tender of a deed before commencing action to recover the purchase price is unnecessary.

APPEAL from a judgment of the circuit court for Columbia county: R. G. SIEBECKER, Circuit Judge. *Reversed.*

On June 25, 1893, the defendants purchased of the C. Obrecht Land Company two lots, under a land contract, for which they agreed to pay $425,— $100 cash, and the balance in three equal annual payments, with six per cent. interest, payable semi-annually. on the 15th days of January and July of each year. The contract was in the usual form of land contracts, and contained the following clauses deemed material to this litigation: "The party of the first part agrees to grade streets and lay sidewalks free of expense to party of the second part." " Second. The said party of the first part hereby covenants and agrees that, if the aforesaid purchase price and interest shall be fully paid at the times and in the manner above specified, it will, within a reasonable time after demand, execute and deliver to the said parties of the second part, their heirs, executors, administrators, or assigns, a good and sufficient warranty deed in fee simple of the premises above described, free and clear of all legal liens and incumbrances, except the taxes herein agreed to be paid by the said parties of the second part." "Third. And it is further distinctly agreed and understood by and between the parties hereto that, if the said parties of

the second part shall fail to make any of the payments of purchase money above specified at the time and in the manner above specified, in such case this agreement shall henceforth be utterly void, and all payments thereon forfeited, subject to be revived and renewed by the act of the party of the first part or the mutual agreement of both parties."

The defendants made the cash payment and paid interest to January 25, 1895, and no more, and neglected to pay the taxes for the year 1897. On May 5, 1898, the land company conveyed the premises described in the contract to plaintiff, by warranty deed, not mentioning the contract. June 10, 1898, the land company duly assigned the land contract to plaintiff, who brings this action thereon, at law, to recover the balance due from defendants. The answer admitted the making of the contract and failure to pay, and sets up fraud and misrepresentation on the part of the land company, and certain other matters not material at this time. On the trial the plaintiff offered in evidence the land contract mentioned, a warranty deed from the land company to him, an assignment to him of the land contract, and a tax receipt for the taxes of 1897, and rested. Thereupon the defendants moved the court to direct a verdict for defendants. This motion was granted on the ground that the provision in the contract as to a forfeiture rendered the contract a nullity, and that no action at law could be maintained thereon. From the judgment entered upon the verdict the plaintiff brings this appeal.

For the appellant there was a brief by *Fowler & McNamara*, and oral argument by *C. A. Fowler*.

For the respondents there was a brief by *Lamoreux, Davison & Davison*, and oral orgument by *S. W. Lamoreux*.

BARDEEN, J. According to the court's ruling, the provision in the land contract to the effect that, if the purchasers failed to make payments as specified, the "agree-

ment shall henceforth be utterly void," rendered it absolutely void for all purposes, and no action at law could be maintained thereon. Thus it would be left at the option of the vendee in the contract to terminate it any time he saw fit, by simply failing or refusing to pay any further instalments due thereon. This contention cannot be sustained unless it can be said that the clause mentioned contains mutual covenants designed to neutralize and render ineffective the prior covenants in the contract. In the opening clauses of this contract the defendants bound themselves, by direct covenants, to pay the purchase price of the land at certain specified times. Now they say that, because the contract says that if they fail to pay in the manner specified the contract shall be void, they may elect to so consider it, and the prior covenants to pay became nugatory. This construction eliminates therefrom another clause in the contract, which says that the forfeiture shall be "subject to be revived and renewed by the act of the party of the first part," the vendor. No case can be found in this state which will sustain the construction of the trial court. The only case cited by defendants' counsel to sustain his contention is a *per curiam* decision from Pennsylvania (*Neill v. Peale*), found in 4 Atl. Rep. 830, and not considered of sufficient importance to have been included in the official reports. This decision is opposed to the great weight of authority, as we shall see, and has no support in reason or justice.

Suppose, after the contract had been executed, the defendants became dissatisfied with their bargain, and they had refused to make the first payment; could it be claimed that they could *then* forfeit the contract? The forfeiture clause is that, if they fail to make the payments at the times and in the manner specified, it shall be void. They agreed to pay a cash payment of $100. This is certainly one of the payments specified. Under the court's construction they might, notwithstanding they had executed and delivered the con-

Shenners vs. Pritchard and another.

tract, then and there end its existence by a refusal to pay.. Whether this would be so or not depends upon the intention, of the parties, which is to be gathered from the whole contract, every part of it to have meaning and effect if possible. An extract from the opinion of SAVAGE, C. J., in *Mancius v. Sergeant*, 5 Cow. 271, seems to cover the case.   The learned judge says: "What, then, was the meaning of the parties when they entered into this contract?   Did they intend it should be a *felo de se*, or that the defendant below might make it so, or valid and operative, at his election?   What inducement could the plaintiff below have had for making such a contract?   The covenants of the defendant below were absolute, and on his performance the plaintiff below would have been bound; but the clause providing for a forfeiture of previous payments was totally inoperative until at least one payment made.   The whole clause providing for the vendor's discharge from his covenants and the forfeiture of the vendee's payments is clearly a condition in favor of the former, not the latter.   The vendee was bound to pay at all events.   If he had failed, even after having made payments, the vendor might consider the contract at an end, and sell the land to another.   If, however, he chooses not to do so, but holds the vendee to the contract, he has an undoubted right to enforce it by compelling payment. A contrary doctrine would be allowing the vendee to take advantage of his own negligence, without any advantage to the vendor, but rather an injury, as he is in the meantime prohibited from selling the land to any other purchaser." To the same effect are the following cases: *Mason v. Caldwell*, 10 Ill. 196; *Wilcoxson v. Stitt*, 65 Cal. 596; *Chambers v. Anderson*, 51 Kan. 385–394; *Cartwright v. Gardner*, 5 Cush. 273; *Smith v. Mohn*, 87 Cal. 489; *Newton v. Hull*, 90 Cal. 487.   And see *Phillips v. Carver*, 99 Wis. 561, and *Banbury v. Arnold*, 91 Cal. 606.

A review of this case leads to the conclusion that this clause in the contract leaves it for the vendor to say whether

he will declare the contract void or not, and that he may elect to sue for the unpaid purchase money or for a specific performance of the contract, or to declare the contract at an end. The vendor having deeded the land to plaintiff and assigned the contract, the bringing of a suit for the unpaid purchase money is deemed a sufficient election to declare the contract still in force. The fact that the vendor or his assigns has made no election until suit brought cannot change the situation. They were not bound by the contract to make such election within any given time, and where it does not appear that the vendees have suffered some injury or loss, for which they may obtain relief in equity, the former may bring their action any time before they are cut off by the statute of limitation. The fact that the deed antedates the assignment of the contract is of no significance, unless it is shown that the conveyance by deed was an independent transaction and intended to cut off the defendants' rights under the contract.

The clause in the contract that "the party of the first part agrees to grade streets and lay sidewalks free of expense to party of the second part" is so very vague and uncertain in its terms that it may be doubtful if any damage could be claimed for a breach of it. Without determining that question, we are of the opinion that it is an independent covenant, and not a condition precedent to plaintiff's recovery. See *Farmers' L. & T. Co. v. Hunt,* 16 Barb. 514.

The claim that a deed must be tendered before action brought has no foundation to stand upon. The covenant as to the giving of a deed expressly states that the vendor will, after full payment and within a reasonable time after demand, execute and deliver the deed. This question seems to have been met and covered by the case of *Gale v. Best,* 20 Wis. 44, which is deemed decisive against the defendants' contention.

*By the Court.*— The judgment of the circuit court is reversed, and the cause is remanded for a new trial.