Note.—Reported in 203 N. W. 202. See, Headnotes (1) and (2), American Key-Numbered Digest, Prohibition, Key-No. 33.

---

SEVERSON, Appellant, v. EIDE et al, Respondents.

(203 N. W. 199.)

(File No. 5288. Opinion filed March 20, 1925.)

**Vendor and Purchaser—Forfeiture—Vendor, Remaining in Possession, Entitled, on Purchaser's Default, to Retain Rents Applied to Unpaid Purchase Price.**

Vendor, remaining in possession, under agreement, as tenant of purchaser, and applying rent due purchaser to unpaid installments of purchase price, held entitled to retain such rentals, on purchaser's default, under provision of contract for forfeiture of all "payments."

Dillon, J., dissenting.

Appeal from Circuit Court, Brown County; Hon. B. A. WALTON, Judge.

Suit by Henry Severson against M. D. Eide and others to foreclose vendee's right in land. From the judgment for defendants for rentals, plaintiff appeals. Remanded, with directions to modify decree.

*Campbell & Fletcher,* of Aberdeen, for Appellant.

*Baldwin & Lyons,* of Howard, and *McNulty & Campbell,* of Aberdeen, for Respondents.

(1) To point one of the opinion, Appellant cited: 19 R. C. L. Sec. 347; Dutton v. Warschauer, (Cal.) 82 Am. Dec. 765; Harrison v. Wyse, (Conn.) 63 Am. Dec. 151; Wilson Sewing Machine Co. v. Rutledge et al, (Ia.) 14 N. W. 92; Peterson v. Johnson, (Wash.) 55 p. 932.

Respondent cited: Sweet v. Purington. 40 S. D. 17, 166 N. W. 161; Warren v. Ward, 91 Minn. 254, 97 N. W. 886; Shenners v. Pritchard, 104 Wis. 287, 80 N. W. 458; Security State Bank v. Krach, 36 N. D. 115, 161 N. W. 568.

POLLEY, P. J.   This action was brought to foreclose a vendee's right on certain land he had contracted to purchase from plaintiff.  Defendant made a payment on the purchase price of the land and then defaulted on the balance.  The vendee was to have possession of the land on and after the 1st day of March, 1920, but, by an arrangement between themselves, plaintiff was to remain in possession of the land as a tenant of the vendee.  The trial court found the rental value of the land to be $2,960.98.

At the trial defendants consented to a decree of foreclosure and waived their right of redemption; also waived any claim to the money they had paid on the purchase price of the land, but contended they were entitled to the rentals found to be due by the court for the use of the land prior to the commencement of the action.  The trial court foreclosed the contract, quieted the title to the land in the plaintiff, but awarded the defendant judgment for the said rentals in the sum of $2,960.98.  Defendant's claim to this money is based on the following clause in the contract:

"And the party of the second part shall forfeit all payments made by them on this contract, and their right, title, and interest in all buildings, fences, and other improvements whatsoever, and such payments and improvements shall be retained by the said party of the first part in full satisfaction and in liquidation of all damages by him sustained, and he shall have the right to reenter and take possession of the premises aforesaid."

Defendants contend that, under this clause, it was only the sums they had paid to plaintiff on the purchase price that were to be forfeited in case of their default in the payment of the balance.  We cannot agree with this contention.  As these rentals accrued, plaintiff applied them on the purchase price of the land, and they thereby became as much a payment on the purchase price of the land as though defendants had actually paid that amount into the hands of plaintiff, and plaintiff had the right to treat this amount as though it had been paid directly to him by the defendants.  This amount was not nearly sufficient to pay the

taxes on the land, and the interest on the deferred payment while the contract was in force, and which amounts defendants had agreed to pay. The court erred in awarding defendants judgment for this amount.

The case will be remanded to the trial court, with directions to modify the decree so as to conform with this opinion.

ANDERSON, J., not present.

DILLON, J. I dissent. The lower court's duties under the issues was to equitably adjust the rights of the parties and its judgment upon that issue imports verity, and ought to be conclusive. I think the decision should have been for the defendants for the amount of the rentals.

The action is for strict foreclosure of a real estate contract in Brown county, this state, under sections 2914-17 Rev. Code. The trial court made findings of fact and conclusions of law, from which it appears that the defendants paid the plaintiff the sum of $8,000 at the time of the execution of the contract of sale and agreed to pay the further sum of $68,800 on the 1st day of March, 1930, with annual interest and taxes.

After the sale of the property the plaintiff entered into an agreement with the defendants whereby the plaintiff should remain in possession of the real estate, as a tenant, and farm the same during the years 1920 and 1921. As a rental for such years, the plaintiff agreed to pay the defendants a share of the crops and reasonable value for the hay land, which the court found was $2,960.98. The defendants defaulted in making their payments. July 7, 1921, the plaintiff notified the defendants that the whole sum was due on account of such default.

The contract for deed, after providing for a cancellation of the contract in case the defendants failed to comply therewith, contained the following provision:

"And the party of the second part shall forfeit all payments made by them on this contract, and their right, title, and interest in all buildings, fences, or other improvements whatsoever, and such payments and improvements shall be retained by the said party of the first part in full satisfaction and in liquidation of all damages by him sustained, and he shall have the right to re-enter and take possession of the premises aforesaid."

Finding No. 8 is as follows:

"At the trial the defendants agreed that said contract should be strictly foreclosed without giving to the defendants any time to make the payments as to which defendants are in default."

The defendants in their answer claimed that the landlord's share of the grain raised upon the farm and the rental of the pasture land should be awarded to them. The court rendered judgment in favor of the defendants against the plaintiff for the amount due on rentals and allowed no cost to either party.

The plaintiff took advantage of the provision in the contract and declared the contract forfeited and retained the $8,000 as liquidated damages and asked for a foreclosure of the contract. On the trial the defendants conceded the right of the plaintiff to foreclose the contract and the right to the $8,000 as liquidated damages.

The statute requires the court to fix the time within which "the party in default must comply with the terms of the contract." This provision in the statute is solely for the benefit of the defendants and might be waived by them. It is claimed by appellants that the court, in the exercise of its power to equitably adjust the right of the parties to the contract, should have strictly followed the statute and fixed the time in which the defendants should be allowed to pay the balance found due.

The plaintiff insisted that they were entitled to hold all payments as liquidated damages. The defendants conceded this contention and by stipulation consented that plaintiff might retain the $8,000 as liquidated damages. The plaintiff had the right to elect either of two remedies. He could have sued for a specific performance and obtained a judgment against the defendants for the unpaid purchase price or he could forfeit the contract and take back the land and retain for his damages the money paid by the defendants. He elected to forfeit the contract and is bound by that election, and after this he was not in a position to urge as an error that the court failed to give the defendants time in which to make good their contract; this they did not ask.

When a contract falls, it is an absolute failure of all items included. The rental is an independent transaction, and is not connected with the land purchase. When the vendor elected to cancel the contract and recover judgment restoring the land to

him, he could not thereafter bring an action to recover any part of the purchase price. Roney v. Halvorsen Co., 29 N. D. 13, 149 N. W. 688; Sweet v. Purinton, 40 S. D. 17, 166 N. W. 161; Thompson v. Howard, 31 Mich, 309; Welsh v. Carder, 95 Mo. App. 31, 68 S. W. 580; Security State Bank v. Krach, 36 N. D. 115, 161 N. W. 568; Nearing v. Coop, 6 N. D. 345, 70 N. W. 1044; Perkins v. Potts, 52 Neb. 110, 71 N. W. 1017; Gillilan v. Oakes, 1 Neb. (Unof.) 55, 95 N. W. 511.

The plaintiff should not have the land and the $8,000 and the rents also. The bringing of a suit to cancel the contract is an election to waive further payments by the vendee and to terminate the contract. Shenners v. Pritchard, 104 Wis. 287, 80 N. W. 458. The plaintiff ought not to be permitted to dispute his leasing contract; neither should he be permitted to set off or counterclaim the amount that he owes for rentals.

The trial court has exercised its power to equitably adjust the rights of all parties to this contract and the decision should be final. The appeal is without merit and the case should be affirmed.

The $2,900 rentals had not been applied on the purchase price by the vendor. I cannot agree that this amount of rentals can be confiscated by the vendor. There is no evidence that any part of the rentals had been applied upon this indebtedness, with the consent of the defendants. I think the judgment should be affirmed and fail to discover any merits in the appeal.