TAFT and another, Respondents, vs. REDDY and others, imp.,
Appellants.

*September 15—October 12, 1926.*

*Specific performance: Of executory land contract: Judgment: Of
sale of premises and for deficiency.*

1. The vendor under a land contract is entitled to specific per-
formance.   p. 150.
2. In an action for the specific performance of a contract for the
sale of a farm, a judgment directing the sale of defendants'
interest in the farm, which was merely their right to pay the
purchase price before the action was begun and to take a
deed, or after judgment to pay as specified therein and take
a deed in accordance with the terms of the judgment, which
interest was worthless, was erroneous, and is modified so as
to provide for a sale of the premises.   p. 151.
3. The fact that the vendors were willing to dismiss a pending
action and accept a contract for the sale of the farm which
was more favorable to the vendees than their interest as de-
fendants warranted, does not show that the execution of the
contract was under duress.   p. 152.

APPEAL from a judgment of the circuit court for Wal-
worth county: E. B. BELDEN, Circuit Judge. *Reversed,
with directions.*

Land contract.   The plaintiffs were the owners in fee
of certain lands described in plaintiffs' complaint.   On the
18th day of September, 1919, *George Reddy* and *I. J. Bower*
entered into a contract with the plaintiffs for the purchase
of said premises at the agreed purchase price of $28,000, to
be paid $1,000 in cash as of the date of the contract, $1,500
in cash March 1, 1920, the remainder of the purchase price,
$25,500, in ten years, with annual interest at the rate of five
per cent., it being agreed that $100 or more might be paid
on the purchase price on any interest date.   The contract
contained many other provisions and agreements which are
not necessary to recite here.

Taft v. Reddy, 191 Wis. 144.

On the 29th day of November, 1919, *Reddy* and *Bower* sold their interest under the contract to *Charles F. Wollenzein* for $2,500 and an assignment was made of the contract to *Wollenzein,* and *Wollenzein* agreed to assume and carry out all the terms and conditions of the contract entered into between the plaintiffs and *Reddy* and *Bower* on the 18th day of September, 1919. On the 6th day of March, 1922, the plaintiffs entered into a contract with *Reddy, Bower,* and *Wollenzein;* it appearing from the recitals that the payments had not been met in accordance with the terms of the contract and that the vendees were in default, and that the whole amount of the purchase price had been declared due and payable. It was agreed that the vendees should pay $737.28, being one half of the amount of interest accrued and unpaid up to the 1st day of March, 1922, together with insurance and other charges against the lands, the remaining $737.28 to be paid as of the date of the supplemental contract. March 6, 1922, there was some modification of the conditions contained in the contract of September 18, 1919, which are not material to a determination of the issue presented here. The vendees having failed to perform the contract as modified, the plaintiffs elected to declare the whole amount due under the contract and began this action. All of the facts were fully set out. Plaintiffs alleged that they were ready to perform upon the payment to them of the amount agreed to be paid, brought into court a warranty deed, properly executed and stamped, conveying the premises to the vendees, alleged that they were seized of a good, indefeasible estate of inheritance in fee of the lands, that the same were clear of all defects, incumbrances, and claims except those arising under the contract to the vendees. Gertrude Reddy, the wife of *George Reddy,* Ethel Pearl Bower, the wife of *I. J. Bower,* and Martha C. Wollenzein, the wife of *Charles F. Wollenzein,* were made parties.

H. G. Wheeler, Harry Wheeler, and Gerhard Ganzer were also made parties, it being alleged that they had or claimed to have some interest in the premises subject to and under the contracts hereinbefore referred to.

The contract of September 18, 1919, required the vendees to keep the buildings upon the premises insured; that possession of the premises should be given under the contract on March 1, 1920; contained clauses as to the repair and replacement of buildings if the same should be destroyed by fire; that in the event of the foreclosure of the contract the vendee should pay a reasonable sum as solicitor's fees. The contract, however, contained no forfeiture clause such as is frequently found in land contracts, by the terms of which all payments made by the vendee might be declared forfeited and that thereafter the vendee should hold as a tenant at sufferance of the vendors.

Plaintiffs prayed for judgment as follows: that the entire principal sum of $25,500 be declared due and payable with interest from the 1st day of September, 1922; that the plaintiffs recover from *Reddy, Bower,* and *Wollenzein* the sums of .$14.30 and $7.80 paid for insurance; the sum of $247.50 due for unpaid taxes; that the defendants receive a deed from the plaintiffs pursuant to said agreements; that the court, on the failure to pay the purchase price by the defendants to the plaintiffs within a reasonable time to be fixed by the court, direct a sale of the lands to pay said purchase price and interest thereon and to pay the taxes unpaid and insurance paid by the plaintiffs; that the plaintiffs have judgment and execution for any deficiency after applying the proceeds of any such sales to said payments against *George Reddy, I. J. Bower,* and *Charles F. Wollenzein,* who are personally liable for payments; and that the plaintiffs have such other or further judgment, order, or relief as may be just and equitable.

The answer consisted principally of denials and admis-

sions, and alleges that the court was "without authority in this form of action to grant relief other than to foreclose the defendants of all right, title, and interest in the premises described in the complaint unless the sums presently due according to the terms of the contract are paid within a reasonable time, which time should be fixed by the court;" alleges that a sale of the premises was improper, that the defendants were willing to release their equity, offered, upon being released from the obligation of the contract, to forfeit the $2,500 payments already made, and asked judgment releasing the vendees from the obligation of the contract and that their interest in the premises be forfeited and foreclosed.

There was a trial, and upon the trial the court found in favor of the plaintiffs; that there remained due the sum of $25,500 with interest at five per cent. from the 1st day of March, 1923, the sum of $22.10 insurance paid by the plaintiffs; that $400 was a reasonable solicitor's fee. Upon the findings the court ordered: "That said original agreement as modified be specifically performed; that the plaintiffs on or before the 1st day of June, 1925, execute and deliver to the clerk of the circuit court for Walworth county, Wisconsin, a warranty deed, duly executed by themselves and Margaret E. Taft, wife of said *George E. Taft,* of an undivided one-half interest in and to the real estate above described," to the defendants *Reddy* and *Bower;* that a like deed be executed by the plaintiffs and Margaret E. Taft, wife of *George E. Taft,* to *Charles F. Wollenzein,* each of the deeds to contain the usual covenants of seizin and warranty.

"That within thirty days after notice of entry of judgment . . . said defendants *George Reddy* and *I. J. Bower* pay to the clerk of said court one half of the . . . sum of $25,500 and one half of the sum of $22.10 with interest.

"That until payment plaintiffs have a lien upon all the right, title, and interest of said defendants *George Reddy*

and Gertrude Reddy, his wife, *I. J. Bower* and Ethel Pearl Bower, his wife, for the sums found due and payable by said *George Reddy* and *I. J. Bower.*"

The judgment then provided that if payment was not made in accordance with its terms that "all the right, title, and interest of said defendants *George Reddy* and Gertrude Reddy, his wife, *I. J. Bower* and Ethel Pearl Bower, his wife, in and to said real estate, or so much thereof as may be necessary, be sold at public auction."

The judgment further prescribed the manner of giving notice and of the disposition of the funds, any surplus remaining to be deposited by the sheriff with the clerk of the court, and the sheriff was required by the judgment to make and file a report of the sale with the clerk of the court. It was further provided:

"That if the proceeds of such sale are insufficient to pay the amounts actually due as aforesaid, at the time of sale, the said sheriff shall specify the amount of such deficiency in his report of sale, and that upon the filing and confirmation of said report, judgment be rendered against the defendants *George Reddy* and *I. J. Bower,* who are personally liable therefor, for the amount of such deficiency, and that the plaintiffs have execution therefor."

The judgment contained similar provisions respecting the interest of the defendant *Wollenzein.* Upon the judgment being filed and entered, the defendants having failed to perform their contract in accordance with the terms of the judgment, the sheriff proceeded to a sale. After certifying the manner in which notice of the sale was given, the sheriff's report of sale discloses that the sale was held on August 14, 1925, at which time the sheriff exposed for sale and sold "all the right, title, and interest of the defendants *George Reddy* and Gertrude Reddy, his wife, and *I. J. Bower* and Ethel Pearl Bower, his wife, in the real estate hereinafter described [being the real estate described in the

complaint], to *George E. Taft* and *Charles Taft* for the sum of $8,000; . . . 'that at the same time and place he exposed for sale and sold to the highest bidder all of the right, title, and interest of the defendants *Charles F. Wollenzein* and Martha C. Wollenzein, his wife, for the sum of $8,000;" that out of the proceeds of the sale he had paid the sum of $182.54, the amount of the costs and disbursements as taxed, retained the sum of $28.70 as fees and commissions, and paid to the plaintiffs the sum of $15,788.76 and took the receipt of the plaintiffs therefor; that he had issued deeds in which the premises were described as in the notice of sale; that the defendants owed to the plaintiffs the sum of $13,078.11, of which *Reddy* and *Bower* owed $6,539.05 and *Wollenzein* the same amount. Thereafter a judgment for the deficiency was entered in accordance with the sheriff's report of sale against the defendants *Reddy* and *Bower* and against the defendant *Wollenzein*. The defendants *Reddy* and *Wollenzein* appeal from the entire judgment.

*Easton Johnson* of Whitewater, for the appellants *Wollenzein* and *Reddy*.

For the respondents there was a brief by *Thorson & Seymour* of Elkhorn, and oral argument by *A. T. Thorson*.

.ROSENBERRY, J. The principal contention of the appealing defendants in this case is that the court erred in finding and adjudging that the contract as modified should be specifically performed; that the court was in error in directing a sale of the interest of the defendants in the farm, and that the court erred in awarding a judgment for deficiency against the defendants as set out in the statement of facts.

Defendants' brief reviews many of the earlier decisions of this court and attempts to deduce therefrom the proposition that a vendor under a land contract is not entitled to specific performance. It is not proposed to again review

these decisions. They were referred to and discussed in *Oconto Co. v. Bacon,* 181 Wis. 538, 195 N. W. 412. There can be no doubt that language was used in some of the earlier decisions which, taken out of its context, might justify defendants' contention in this case. In those cases plaintiffs sought both a forfeiture of the vendee's rights and a judgment for the deficiency against the vendee in a single action. The court held consistently that, having sought a forfeiture, the vendor could not in the same action assert a liability under the contract and have judgment against the vendee for a deficiency. In addition to the cases cited in *Oconto Co. v. Bacon, supra,* history of the development of the doctrine of the *vendor's right to specific performance* is to be found in an article under that title by William Draper Lewis in 41 Am. Law Reg. 1902, n. s. 65. The doctrine has been stated and restated by this court in *Shenners v. Pritchard,* 104 Wis. 287, 80 N. W. 458; *Heins v. Thompson & Flieth L. Co.* 165 Wis. 563, 163 N. W. 173; as well as in *Oconto Co. v. Bacon,* 181 Wis. 538, 195 N. W. 412.

While the vendor's right to specific performance is established beyond question, we find no authority whatever for the procedure that was followed in this case. If the procedure indicated in the prayer for relief had been followed, the judgment could not be successfully assailed. It is not the interest of the vendees in the premises that is to be sold, where specific performance of the entire contract is sought, but the land itself. If either the second or third party to the contract of March 6, 1922, should perform, only the remaining interest would be sold. After the sale of the land and the application of the proceeds, if some part of the purchase price remains unpaid the vendor is entitled to a judgment for that amount against those who covenanted to pay it. Such a judgment is in lieu of the right

which a vendor originally had to compel payment by the vendee by proceeding against him for contempt for failure to comply with the order of the court. Such a drastic remedy would in our time be wholly inconsistent with equitable principles because it would amount to imprisonment for debt, a procedure which has long since been abolished. In this case the vendors proceeded not to sell the land but to sell the interest of the defendants in the land, which was merely their right to pay the purchase price before action was begun and take a deed, or after judgment to pay as specified in the judgment and take a deed in accordance with the terms of the judgment.

It appears quite clearly that the land is worth at a fair valuation approximately $16,000. The interest of the defendants in the premises was therefore worth less than nothing, because it merely gave them the right to pay $25,500 and interest for land that was in fact worth $16,000. The whole procedure was erroneous and the judgment must be modified so as to provide for a sale of the premises. After the entire premises have been sold, the proceeds of the sale applied *pro rata* upon the obligations of the parties of the second and third part under the contract of March 6, 1922, which appear to be several and not joint, the vendors will be entitled to judgment against the parties of the second and third part for the several amounts remaining due and unpaid.

Some criticism is made in the briefs to the effect that *Oconto Co. v. Bacon, supra,* is in error in omitting to include a fourth remedy, to wit, a strict foreclosure. A strict foreclosure is one of the remedies which the vendor has when he declares the contract at an end. Whether or not there are other remedies, as for instance ejectment, was not determined in that case nor will it be determined here. It would perhaps have been more accurate to have said that the

vendor upon default of the vendee had three courses of action rather than three remedies.

Nor should it be understood from what is said in this case that where the vendees have paid a considerable portion of the purchase money and specific performance is sought not as to the whole of the purchase price but simply as to that part of it which is due, the circumstances might not be such that a court could and should in equity and good conscience decree a sale of the interest of the defendants as distinguished from the sale of the land, as for instance, if the purchase price of a piece of land was $100,000, $75,000 had been paid and $5,000 was due with $20,000 unpaid but not due. Specific performance as to the $5,000 payment due might be decreed and a sale of the interest of the vendees under the contract directed, especially if such relief was desired by the vendees. This record does not present such a situation.

It is contended by the respondents here that the court should affirm the judgment because, while the sale was in form a sale of the interest of the defendants, it was in fact a sale of the premises, a fact established by the amount received upon the sale, it being substantially the full value of the premises; but we find no warrant for any such procedure. Parties brought into court are entitled to have their rights determined in accordance with established legal principles. Defendants have been denied that right in this case, and the mere fact that the plaintiffs were unwise enough to bid $16,000 for a worthless equity does not change the situation.

It is also urged that the contract of March 6, 1922, is unconscionable and for that reason should not be enforced, it having been made in order to secure the dismissal of a similar action then pending. The trial court correctly held that the claim was without support. The fact that the vendors

were willing to accept a contract which was more favorable to the vendees than their position as defendants in an equitable action against them, cannot by any stretch of the imagination be construed to have been made under duress.

*By the Court.*—The judgment appealed from is reversed, the sale made pursuant to it is vacated, and the cause is remanded with directions to modify the judgment as indicated in this opinion and for further proceedings.