SEVERSON, Appellant, v. EIDE et al, Respondents.

(216 N. W. 581.)

(File No. 5288.   Opinion filed December 13, 1927.)

For former opinion, see 48 S. D. 142, 203 N. W. 199.

*Campbell & Fletcher,* of Aberdeen, for Appellant.

*McNulty & Campbell,* of Aberdeen, and *Baldwin & Lyons,* of Howard, for Respondents.

BURCH, J. This cause is now before us on rehearing. The former opinion is reported in 48 S. D. 142, 203 N. W. 199, to which reference is made for the facts to be considered with those that are here added. The action was brought under sections 2914 to 2917, inclusive, R. C. 1919, for strict foreclosure of the contract. The total consideration to be paid for the land was $76,800. A cash payment of $8,000 was made, and the balance of $68,800 was to be paid on March 1, 1930, but interest at 6 per cent on such deferred payment was to be paid annually and also taxes subsequent to the year 1919. Defendants failed to pay the taxes and interest accruing, which constitutes the default supporting the action. The amount of taxes for the years 1920 and 1921 is not disclosed by the record, but by computation the interest is shown to amount to $8,256 for those years. The value of the rents for those years was found by the court to be $2,960.98. Plaintiff claims the right to apply or set off the rent against what is due

him and proceed with the action for default in payment of the balance. Defendants claim the right to forfeit the initial payment, $8,000, have the contract canceled, and recover the rent. The trial court sustained defendants' position, and plaintiff has appealed from the judgment.

The disposition of the rents is the source of the questions presented.

In the former opinion this language was used:

"As these rentals accrued, plaintiff applied them on the purchase price of the land, and they thereby became as much a payment on the purchase price of the land as though defendants had actually paid that amount into the hands of plaintiff, and plaintiff had the right to treat this amount as though it had been paid directly to him by the defendants."

As this statement did not appear to be supported by the record, a rehearing was granted. With the difference in facts as now stated, should a different result be reached? If there had been an agreement that, as the rents accrued, they should be applied on the contract, and such application had been made, there would have been a completed payment. With such an agreement, a belated payment with a proper allowance of interest could have been made on the contract at any time before its termination. But without an agreement that the rents shall be so applied and paid on the contract, the right to make such disposition of the rentals, if it exists, must rest upon some legal or equitable principle, and not by virtue of express contract. Plaintiff's pleading is appropriate for the relief asked. Defendants' answer, so far as it refers to the rentals, asks for an accounting of them, but for no affirmative relief. A decree adjudicating the amount of the rentals, allowing them to be set off against the accrued interest and taxes, and fixing the balance to be paid, would have been consistent with the pleadings.

The decree that was rendered declared that the contract should be strictly foreclosed, but did not state the amount due or fix any time for compliance with the contract as provided by the statute. Instead it declared defendants had no interest, estate, right, or title to the premises covered by the contract, quieted the title in plaintiff, and rendered judgment against plaintiff in favor of defendants for $2,960.98, the amount of the rent. This was

not in accordance with the statutory requirements in this form of action or responsive to the pleadings, there being no counterclaim or affirmative relief asked in the answer.

During the trial, however, defendants offered to waive any right under the contract and to forfeit the amount paid and consented that no time be given for redemption, and it seems to have been at least tacitly understood that the status of the rents should be determined, and, if found to belong to defendants, they should have judgment therefor. The vital question and the one of real interest to the parties is not whether the court could in this action grant the relief it did, but whether defendants can recover the rents in any action.

The theory upon which plaintiff is denied the right to set off what he owes defendants for rent against what defendants owe him for interest and taxes seems to be based upon the contract of the parties, whereby it is provided that if the contract be canceled defendants shall forfeit what they have paid, to be retained by plaintiff as liquidated damages. On that theory the forfeiting of the payments made wipes out all obligations of defendants, leaving no debt due from defendants against which the rents can be set off.

Defendants say they do not want to redeem the land, but prefer to forfeit the $8,000 payment and recover the rents. But the contract does not give defendants the right to forfeit. They contracted to pay $76,800 for the land and to pay interest on the deferred payment of $68,800. The interest alone amounts to more than $4,000 annually, while the rent amounts to hardly $1,500 annually. The option to cancel the contract and declare a forfeiture is given by the contract exclusively to plaintiff.

The questions here involved arise from the form of this action. Defendants take the position that the plaintiff by bringing the action "elected to declare the contract forfeited," and they, "recognizing their inability to comply with the contract at the trial, conceded that plaintiff was entitled to a judgment of foreclosure, and waived the right to redeem, and waived the right to have the court fix a time within which the defaults could be made good, thereby conceding the forfeiture and consenting to a cancellation of the contract." The strength of defendants' position depends on the action being one to cancel the contract and enforce a forfeiture. There is no act of plaintiff other than the bringing

of this action that can be construed as an election to cancel. In Hickman v. Long, 34 S. D. 639, 150 N. W. 298, referring to this statutory form of action (strict foreclosure), this court said:

"This is, however, not an action to enforce a forfeiture. * * * It treats the contract as in full force and effect. In it the party of the first part offers to perform his covenants and asks that the other party be required to perform his, and it is only in case of failure to perform within a time to be fixed by the court that the first party asks that the contract and second party's rights thereunder be foreclosed. In case the second party comes in and pays up all amounts due, the contract remains in full force exactly as though there had never been any default in payment. It follows that there is no merit to appellant's contention, based as it is upon an entirely wrong premise."

But it may fairly be argued that, because the only relief that can be granted in this form of action will result in a cancellation and forfeiture if defendants do default, the commencement of such action should be held to be an offer and election by plaintiff to accept a cancellation of the contract and a forfeiture of the payments in full satisfaction of his damages if defendants thereafter elect to default, thus giving the option to defendants after the commencement of the action. This may be the logical result (though we do not decide), where defendants consent to plaintiff's taking all that he asks for. In this case, however, plaintiff askd to be allowed to account for the rents by applying them on the payments due. If defendants had consented that this be done, plaintiff might have been held to have elected his remedy and be bound to take what he had asked for, although another remedy could have been pursued which would have netted him more. But it is not fair to bind him by an offer which has not been accepted. If the right of set-off existed at the commencement of the action, it cannot be denied to plaintiff in the action solely because to allow it would increase the amount forfeited. They are not compelled or asked to forfeit anything. If they do so, it is solely upon their election. To avoid the forfeiture, all they have to do is to do as they agreed. That which it may reasonably be inferred they will do unless to their advantage to escape their contract. There can be no equity in allowing them a greater advantage than provided by their contract or offered to them by plaintiff's action.

█ The statute under which the action is brought provides (section 2915):

"The court in such actions shall have the power to equitably adjust the rights of all the parties thereto."

If the situation were reversed and the rents amounted to more than the interest and taxes, we think there can be no doubt that defendants could be relieved from an apparent default by an application of the rents in payment of such interest and taxes, or as the situation is if defendants desired to hold their contract that they could reduce the amount to be paid in redemption by compelling plaintiff to account for and apply such rents to a reduction of the amount due. We can see no reason why plaintiff may not have the same right of set-off in his favor.

The judgment and order appealed from are reversed and the cause remanded, with direction to modify the decree to conform with this opinion.

CAMPBELL, P. J., disqualified, and not sitting.

GATES, POLLEY, and SHERWOOD, JJ., concur.